UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

YOLMA    HAYLETT    and    KENNETH
EASTMOND,

                              Plaintiffs,

                  -against-

CITY  OF  NEW  YORK;  Correction  Officer
BRUCE SUTTON; and JOHN and JANE DOE 1
through 10, individually and in their official
capacities (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                            Defendants.

---------------------------------------------------------------- x

**COMPLAINT**

15 CV 223

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.    This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

**JURY DEMAND**

6.      Plaintiffs demand a trial by jury in this action.

**PARTIES**

7.      Plaintiff Kenneth Eastmond is a resident of Kings County in the City and State of New York.

8.      Plaintiff Yolma Haylett is a resident of Kings County in the City and State of New York.

9.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the New York City Department of Correction ("DOC"), a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

10.     Defendant Correction Officer Bruce Sutton ("Sutton"), at all times relevant herein, was an officer, employee and agent of the DOC.  Defendant Sutton is sued in his individual and official capacities.

11.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD and/or DOC. Plaintiffs do not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

-2-

12.    At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD and/or DOC.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13.    At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14.    At approximately 1:00 p.m. on June 26, 2014, plaintiffs were lawfully traveling in an automobile on Linden Boulevard in Brooklyn, New York.

15.    Obeying all relevant traffic rules, Mr. Eastmond steered plaintiffs' vehicle around Officer Sutton's Mercedes Benz, which was stopped in the vicinity of an accident.

16.    For some unknown and unjustified reason, this caused Officer Sutton to become enraged, and he cursed and gestured obscenely at plaintiffs, brandishing a handgun.

17.    Officer Sutton, in his vehicle, began to follow plaintiffs' vehicle.

18.    Plaintiffs, fearing for their safety, attempted to evade Officer Sutton as he pursued them for over a mile.

19.    Believing they had eluded Officer Sutton, Mr. Eastmond stopped the vehicle at their intended destination at Linden Boulevard and Essex Street.

20.     Moments later, Officer Sutton emerged from his vehicle pointing a handgun at plaintiffs.

21.     Officer Sutton's badge was visible from his waist.

22.     Pointing his handgun at Mr. Eastmond, Officer Sutton demanded plaintiff's license and registration.

23.     Petrified, Mr. Eastmond complied.

24.     Losing control of her bladder with fear, Ms. Haylett called 911 as Officer Sutton returned to his vehicle with Mr. Eastmond's documents.

25.     Police officers arrived and plaintiffs were unlawfully detained and imprisoned for over an hour.

26.     Upon information and belief, officials of the Correction Department and/or Department of Investigation arrived on the scene.

27.     Plaintiffs consented to a search of their own vehicle and no contraband was recovered.

28.     Ultimately, plaintiffs were unceremoniously released without charges.

29.     Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

30.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

31.    This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

32.    Plaintiffs suffered damage as a result of defendants' actions.  Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputations.

### FIRST CLAIM
**Unlawful Stop and Search**

33.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

34.    Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

35.    As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein before alleged.

### SECOND CLAIM
**False Arrest**

36.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

37.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

38.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

### THIRD CLAIM
**State Law False Imprisonment and False Arrest**

39.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

40.     By their conduct, as described herein, the individual defendants are liable to plaintiffs for falsely imprisoning and falsely arresting plaintiffs.

41.     Plaintiffs were conscious of their confinement.

42.     Plaintiffs did not consent to their confinement.

43.     Plaintiffs' confinement was not otherwise privileged.

44.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

45.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

### FOURTH CLAIM
**State Law Assault and Battery**

46.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

47.     By their conduct, as described herein, the defendants are liable to plaintiffs for having assaulted and battered them.

48.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

49.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

## FIFTH CLAIM
### Negligence; Negligent Hiring/Training/Retention/Entrustment

50.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

51.     Defendant City, through the DOC, owed a duty of care to plaintiffs to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiffs or to those in a like situation would probably result from the foregoing conduct.

52.     Upon information and belief, Bruce Sutton was unfit and incompetent for his position.

53.     Upon information and belief, Bruce Sutton should not have been issued or permitted to carry a firearm.

54.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that Bruce Sutton was potentially dangerous.

55.     Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining Bruce Sutton, and in issuing or permitting Bruce Sutton to be issued a firearm, proximately caused each of plaintiffs' injuries.

56.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Intentional Infliction of Emotional Distress

57.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

58.     By reason of the foregoing, Officer Sutton, acting in his capacities as a law enforcement officer, and within the scope of his employment, committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiffs.

59.     The intentional infliction of emotional distress by Officer Sutton was unnecessary and unwarranted in the performance of his duties as a DOC officer.

60.     Defendant City, as employer of Officer Sutton, is responsible for his wrongdoings under the doctrine of *respondeat superior.*

61.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Negligent Infliction of Emotional Distress

62.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

63.     By reason of the foregoing, Officer Sutton, acting in his capacity as a DOC Officer, and within the scope of his employment, was negligent in committing conduct that inflicted emotional distress upon plaintiffs.

64.     The negligent infliction of emotional distress by Officer Sutton was unnecessary and unwarranted in the performance of his duties as a DOC officer.

65.     Defendant City, as employer of Officer Sutton, is responsible for his wrongdoings under the doctrine of *respondeat superior.*

66.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Deliberate Indifference to Safety

67.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

68.     Bruce Sutton was aware of a risk to plaintiffs' safety and failed to act in deliberate indifference to plaintiffs' needs.

69.     Accordingly, Officer Sutton violated the Fourteenth Amendment because he acted with deliberate indifference to Plaintiffs' safety.

70.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.

Dated:      January 15, 2015
            New York, New York

HARVIS WRIGHT & FETT LLP

Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwf.nyc

*Attorneys for plaintiffs*