15 Civ. 223 (WFK) (PK)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YOLMA HAYLETT and KENNETH EASTMON,

                              Plaintiff,

- against -

THE CITY OF NEW YORK and BRUCE SUTTON,

                              Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY'S MOTION FOR SUMMARY JUDGMENT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Elissa B. Jacobs*
*Tel: (212) 356-3540*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

PLAINTIFFS' ALLEGATIONS ............................................................................................ 1

STANDARD OF LAW .......................................................................................................... 2

ARGUMENT

      POINT I

            PLAINTIFF HAS FAILED TO STATE A
            FEDERAL CLAIM AGAINST THE CITY ................................................. 3

      POINT II

            PLAINTIFF'S STATE LAW CLAIMS AGAINST
            THE CITY OF NEW YORK MUST BE
            DISMISSED .................................................................................................... 4

CONCLUSION ....................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Cardona v. Cruz,
    705 N.Y.S.2d 368 (1st Dep't 2000) ..................................................................................5

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986) ..........................................................................................................2

Cerbelli v. City of New York,
    No. 99-CV-6846 (ARR) (RML), 2008 U.S. Dist. LEXIS 109341 (E.D.N.Y.
    Sept. 8, 2008) ..................................................................................................................8

Coffey v. City of New York,
    49 A.D.3d 449, 853 N.Y.S.2d 551 (1st Dep't 2008) ........................................................7

Colodney v. Continuum Health Partners, Inc.,
    No. 03 Civ. 7276 (DLC), 2004 U.S. Dist. LEXIS 6606 (S.D.N.Y. Apr. 15,
    2004) ................................................................................................................................8

Davis v. City of New York,
    226 A.D.2d 271, 641 N.Y.S.2d 275 (1st Dep't 1996) ......................................................5

Eastman Kodak Co. v. Image Tech. Servs., Inc.,
    504 U.S. 451 (1992) ..........................................................................................................2

Ehrens v. Lutheran Church,
    385 F.3d 232 (2d Cir. 2004) ..............................................................................................7

Gallo v. Prudential Residential Servs., Ltd. Partnership,
    22 F.3d 1219 (2d Cir. 1994) ..............................................................................................3

Johnson v. City of New York,
    702 N.Y.S.2d 636 (2d Dep't 2000) ...................................................................................5

Mahmood v. City of New York,
    No. 01 Civ. 5899 (SAS), 2003 U.S. Dist. LEXIS 7745 (S.D.N.Y. May 8,
    2003) ................................................................................................................................5

Massey v. Starbucks Corp.,
    No. 03 Civ. 7279 (SAS), 2004 U.S. Dist. LEXIS 12993 (S.D.N.Y. July 12,
    2004) ................................................................................................................................4

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
    475 U.S. 574 (1986) ..........................................................................................................2

| **Cases** | **Pages** |
|---|---|
| Monell v. Dep't of Social Services, 436 U.S. 658 (1978) | 3, 4 |
| N.X. v. Cabrini Med. Ctr., 97 N.Y.2d 247 (2002) | 4 |
| Newton v. City of New York, 681 F. Supp. 2d 473 (S.D.N.Y. 2010) | 7 |
| Oklahoma City v. Tuttle, 471 U.S. 808 (1985) | 3 |
| Scott v. Almenas, 143 F.3d 105 (2d Cir. 1998) | 3 |
| Stavitz v. City of New York, 98 A.D.2d 529, 471 N.Y.S.2d 272 (1st Dep't 1984) | 5 |
| Stokes v. City of New York, No. 05-CV-7 (JFB) (MDG), 2007 U.S. Dist. LEXIS 32787 (E.D.N.Y. May 3, 2007) | 8 |
| Ying Jing Gan v. City of New York, 996 F.3d 522 (2d Cir. 1993) | 3 |

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT CITY'S MOTION TO DISMISS

## PRELIMINARY STATEMENT

Yolma Haylett and Kenneth Eastmond, as plaintiffs, seeks damages from the City, the NYPD and Police Officer Carlos Becker under 42 U.S.C. §§ 1983 and 1986, and under state law arising out of a June 26, 2014 "road rage" incident and subsequent interactions with P.O. Becker. Insofar as plaintiffs are suing the City their claims must be dismissed.[1] The § 1983 claims, to the extent they are pled against the City, must be dismissed because the City has no direct or vicarious liability for other §§ 1983 and 1986 claims alleged against it in the complaint. Furthermore, plaintiffs' state law claims against the City must be dismissed as well because the alleged acts were wholly personal in nature and do not fall within the scope of Sutton's employment. Finally, plaintiffs' claim for negligent hiring, retention or training must be dismissed as there is no evidence that would have put the City on notice that Mr. Sutton had a history of these types of road-rage incidents, nor did he have a history of any type of misconduct.

## PLAINTIFF'S ALLEGATIONS

On June 26, 2014, plaintiffs were involved in an altercation with off-duty Investigator Bruce Sutton, who was employed by the New York City Department of Correction. Defendant's Statement pursuant to Local Civil Rule 56.1 (hereinafter "56.1") ¶¶ 1-2; 4. Bruce Sutton was in his car driving from Brooklyn College to his home. 56.1 ¶ 3. Sutton was not working at the time, nor had he reported to work that day. 56.1 ¶¶ 21-22. Plaintiffs were in their car on Linden Boulevard in Brooklyn, New York when Mr. Eastmond steered his car around Investigator Sutton's car. 56.1 ¶¶2, 5. In a bout of "road rage," Sutton "flipped . . . the bird" to

---

[1] This office does not represent Mr. Sutton, who has not appeared in this action.

Eastmond. 56.1 ¶ 6. Eastmond returned the gesture, and Sutton cursed at Eastmond, pointing his gun at the car. 56.1 ¶8.

Sutton then pursued Eastmond and Haylett for some distance, until he stopped the car in front of the Bliss Hotel. 56.1 ¶¶ 9-10. Sutton pulled up behind the car, pointed his weapon at Eastmond and told Eastmond to turn over his license and registration. 56.1 ¶ 11. Sutton "seemed pretty upset" and cursed at Eastmond. 56.1 ¶ 12. At no point in time did Sutton show his badge or identify himself as a police officer or peace officer. 56.1 ¶¶13-14. After some time, uniformed officers came to the scene. 56.1 ¶ 15. The officers investigated, and eventually plaintiffs were released from the scene without charges. 56.1 ¶¶ 16-20.

## STANDARD OF LAW

Defendant seeks an order of dismissal under Rule 56(c) of the Federal Rules of Civil Procedure. Under Rule 56(c), summary judgment is warranted when, viewing the evidence in a light most favorable to the non-movant, the Court determines that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56; Eastman Kodak Co. v. Image Tech. Servs., Inc., 504 U.S. 451, 457 (1992).

A motion for summary judgment requires the party with the burden of proof at trial to come forward with proper evidence and "make a showing sufficient to establish the existence of [each] element of the nonmoving party's case since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is 'no genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). As the Second Circuit has stated:

> [The] moving party may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case. When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper.

Gallo v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219, 1223-24 (2d Cir. 1994) (citations omitted). The non-moving party must produce evidence in the record and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." Ying Jing Gan v. City of New York, 996 F.3d 522, 532 (2d Cir. 1993); Scott v. Almenas, 143 F.3d 105, 114-15 (2d Cir. 1998).

As set forth herein, summary judgment should be granted in favor of the defendant because plaintiffs cannot proffer any evidence that would allow the fact finder to properly proceed to a verdict in their favor.

## ARGUMENT

### POINT I

### PLAINTIFF HAS FAILED TO STATE A FEDERAL CLAIM AGAINST THE CITY

Plaintiffs' complaint alleges all § 1983 claims against all defendants including the City.[2] (Ex. A, Comp. ¶¶ 33-38, First and Second Claims). In order to hold a municipality liable as a "person" within the meaning of § 1983, a plaintiff must establish that the municipality itself was somehow at fault. Oklahoma City v. Tuttle, 471 U.S. 808, 810 (1985); Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). A municipality may not be held liable under §

---

[2] For example, the complaint alleges that "all of the Defendants named herein, acting under color of law, deprived plaintiff of her constitutional right to be free from excessive and unreasonable force" Ex. A, Comp. ¶ 103. Similar overbroad allegations are made in every § 1983 claim. See, Ex. A, Comp., ¶¶ 107, 111, 121, 135, 153 and 158.

1983 on the basis of *respondeat superior*. Id., at 694-95. Therefore, plaintiff's First and Second causes of action must be dismissed to the extent they are asserted against the City.

## POINT II

### PLAINTIFF'S STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK MUST BE DISMISSED

Plaintiff alleges that the City is both vicariously liable for the wrongful acts of its employees (Ex.A, Comp. ¶¶ 44, 48, 60 and 65), and directly liable under a negligent hiring, training, supervision, etc. theory (Ex. A, Comp., ¶¶ 50-56). However, the City cannot be held liable under either theory. The City cannot be held vicariously liable for Sutton's acts because the alleged acts cannot be said to fall within the scope of his employment, a necessary element of a *respondeat superior* claim. Furthermore, plaintiffs cannot point to any evidence to support a negligent hiring, retention or training claim. Accordingly, plaintiff has failed to allege sufficiently any plausible state law theories under which the City may be held liable, and all claims against the City under New York State law must be dismissed.

A. **Plaintiff Has Failed to Allege Plausibly that Defendant City Is Liable under a Theory of *Respondeat Superior* for the Alleged Sexual Assault and Battery by the Defendant Officers**

*Respondeat superior* liability requires an individual to have acted within the scope of his employment when committing the culpable conduct. Massey v. Starbucks Corp., No. 03 Civ. 7279 (SAS), 2004 U.S. Dist. LEXIS 12993, at *24 (S.D.N.Y. July 12, 2004). "Under the doctrine of *respondeat superior*, an employer may be vicariously liable for the tortious acts of his employees only if those acts were committed in furtherance of the employer's business and within the scope of employment." N.X. v. Cabrini Med. Ctr., 97 N.Y.2d 247, 251 (2002). Courts have held that "an employee's actions are not within the scope of employment unless the purpose in performing such actions is to further the employer's interest, or to carry out duties

incumbent upon the employee in furthering the employers business. Thus, where an employee's conduct is brought on by a matter wholly personal in nature, the source of which is not job-related, his actions cannot be said to fall within the scope of his employment." Mahmood v. City of New York, No. 01 Civ. 5899 (SAS), 2003 U.S. Dist. LEXIS 7745, at *8 (S.D.N.Y. May 8, 2003) (citing Stavitz v. City of New York, 98 A.D.2d 529, 471 N.Y.S.2d 272, 274 (1st Dep't 1984)).

Courts have refused to find *respondeat* liability where off-duty officers are alleged to have acted in their personal capacities, even where the officers are alleged to have shown police credentials during the incident. See Turk at 1536 (E.D.N.Y. 1987) (finding no *respondeat superior* liability for the City where defendant police officer was off-duty at the time of the incident, was present in an amusement park for purely personal reasons and had displayed police credentials during the incident); Stavitz, 471 N.Y.S.2d at 274 (identifying oneself as a police officer, producing a shield, and executing an arrest does not automatically create liability for the City); Mahmood, 2003 U.S. Dist. LEXIS 7745 (no *respondeat* liability when off-duty officer was involved in purely personal dispute brought on by his own rage over a traffic incident, even though officer identified himself as police, produced credentials and used his authority as an officer to pull plaintiff over); Cardona v. Cruz, 705 N.Y.S.2d 368, 368-69 (1st Dep't 2000) (declining to hold City of New York liable where off-duty police officer shot his ex-wife's boyfriend "notwithstanding that plaintiff knew his assailant was a police officer, and that the officer told plaintiff he was under arrest after he shot him, although no arrest had actually been made"); Johnson v. City of New York, 702 N.Y.S.2d 636, 636 (2d Dep't 2000) (finding off-duty officer's actions to be outside the scope of his employment where officer previously fought with the decedent and his friends prior to the shooting); Davis v. City of New York, 226 A.D.2d 271,

641 N.Y.S.2d 275, 276 (1st Dep't 1996) (finding no basis upon which to conclude that off-duty corrections officer was acting within the scope of his employment where he became angry and arrested person who had cut in front of him in line at a fast food restaurant).

Here, there is no basis for *respondeat* liability on the facts alleged by plaintiffs. As described by plaintiffs, this was an incident of "road rage" and a purely personal dispute. Sutton was off duty and on personal business, going from Brooklyn College to his home. 56.1 ¶¶ 3,21. Plaintiffs claim that after steering his car around Sutton's car, Sutton "became enraged" (Ex. A, Compl. ¶ 16), had "a little bit of road rage" (56.1 ¶ 5) and "flipped . . . the bird" to Eastmond. 56.1 ¶¶ 4-5. Eastmond gestured in return, rolled down his window, and curse words were exchanged. 56.1 ¶¶ 6-7. Sutton followed plaintiffs' car, and, after coming to a stop, pointed his weapon at Eastmond and demanded Eastmond's license and registration. 56.1 ¶¶ 8-10. Sutton still appeared upset and continued cursing at plaintiffs. 56.1 ¶ 11. On these facts, plaintiffs have not alleged how Sutton, who was off-duty at the time of the incident was acting within the scope of his employment when he interacted with plaintiffs. Plaintiffs have only alleged a personal dispute between themselves and Sutton. Plaintiffs do not claim that Sutton showed his badge to them, nor that he ever identified himself as a correction officer or a peace officer. 56.1 ¶¶ 12-13. Based on these facts, there is no evidence that Sutton was acting in the scope of his duties as a correction officer.

Plaintiffs cannot show that Sutton was acting within the scope of his employment given that Sutton was off-duty and plaintiffs' allegations, at best, only reflect that Sutton was involved in a personal dispute following a bout of road rage. Since Sutton was acting only to serve his own unreasonable anger, his actions were not in the furtherance of the City's business,

nor performed within the scope of his employment as an investigator. As such, the City cannot be held vicariously liable for the acts alleged under a theory of *respondeat superior.*

**B. Plaintiff Has Failed to Allege Plausibly that the City Is Liable under Negligent Hiring, Retention or Supervision Theories**

Plaintiffs' fifth cause of action alleges that the City is liable to the plaintiff for failing to train and/or negligently hiring, retaining Investigator Sutton. This claim is analyzed as a common-law negligence claim. To state a claim for negligent hiring and retention under New York law, a plaintiff must plausibly allege, in addition to the elements of standard negligence, that: "(1) that the tort-feasor and the defendant were in an employee-employer relationship; (2) that the employer knew or should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence; and (3) that the tort was committed on the employer's premises or with the employer's chattels." Ehrens v. Lutheran Church, 385 F.3d 232, 235 (2d Cir. 2004) (internal citations and quotation marks omitted); ); see also Coffey v. City of New York, 49 A.D.3d 449, 450-451, 853 N.Y.S.2d 551, 552-553 (1st Dep't 2008) (granting defendants' motion for summary judgment where there was no evidence that the City knew of employee's propensity for drunk driving and noting that "[r]ecovery on a negligent hiring or retention theory requires a showing that the employer was on notice of the relevant tortious propensities of the wrongdoing employee").

Like in Coffey, there is no evidence that Sutton had a propensity for road rage, or even a tendency to use force, let alone that the City was on notice of such a propensity. As plaintiffs have been unable to procure any evidence to support their claim, such a claim must be dismissed.

In addition, such a claim cannot be sustained, however, when the defendant acts within the scope of her employment. See e.g., Newton v. City of New York, 681 F. Supp. 2d

7

473, 494-95 (S.D.N.Y. 2010); Stokes v. City of New York, No. 05-CV-7 (JFB) (MDG), 2007 U.S. Dist. LEXIS 32787, at *53-54 (E.D.N.Y. May 3, 2007); Colodney v. Continuum Health Partners, Inc., No. 03 Civ. 7276 (DLC), 2004 U.S. Dist. LEXIS 6606, *27-28 (S.D.N.Y. Apr. 15, 2004). As this District Court has noted, "[t]o maintain a claim against a municipal employer for 'negligent hiring, training, and supervision' of a tortfeasor under New York law, a plaintiff must show that the employee acted outside the scope of employment when committing the tort." Cerbelli v. City of New York, No. 99-CV-6846 (ARR) (RML), 2008 U.S. Dist. LEXIS 109341, at *85 (E.D.N.Y. Sept. 8, 2008), *report accepted by*, 2008 U.S. Dist. LEXIS 77335, at *2-4 (E.D.N.Y. Sept. 30, 2008) (citations omitted).

Here, plaintiff specifically and repeatedly claims that Sutton was acting within the scope of his employment. This is legally inconsistent with plaintiff's claim against defendant City for negligent hiring, retention, supervision, and training. For this reason as well, this claim must be dismissed.

## CONCLUSION

In light of the undisputed facts as presented by plaintiffs, there is no theory under which the City may be held liable for their purported injuries. As such, the complaint should be dismissed as to the City with prejudice. For the foregoing reasons, the City respectfully requests that the Court dismiss the complaint as against it, together with such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         February 3, 2017

                                      ZACHARY W. CARTER
                                      Corporation Counsel of the
                                        City of New York
                                      *Attorney for Defendant*
                                      The City of New York
                                      100 Church Street, Room 3-93
                                      New York, New York 10007
                                      (212) 356-3540
                                      ejacobs@law.nyc.gov

By:   _____
       Elissa B. Jacobs
       *Senior Corporation Counsel*