FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ DEC 18 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YOLMA HAYLETT and KENNETH EASTMOND,

            Plaintiffs,

         v.

THE CITY OF NEW YORK and BRUCE SUTTON,

            Defendants.
------------------------------------------------------------X

**DECISION & ORDER**
15-CV-0223 (WFK) (PK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Yolma Haylett and Kenneth Eastmond ("Plaintiffs") bring this action pursuant to 42 U.S.C. § 1983 and New York law against the City of New York (the "City") and Bruce Sutton ("Sutton"), a former employee of the New York City Department of Correction. *See generally* Compl., ECF No. 1. Plaintiffs allege that, after a fit of road rage, Sutton unlawfully stopped, falsely arrested, assaulted, and battered them—intentionally and negligently causing them emotional distress—and that he was deliberately indifferent to their safety, in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution and state law. *See id.* In addition, they allege the City is vicariously liable, as his employer, for Sutton's actions or, in the alternative, that it was negligent in hiring, training, and retaining him, in violation of state law.[1] *See id.* The City now moves for summary judgment as to Plaintiffs' claims against it. For the reasons that follow, the City's motion is DENIED.

## BACKGROUND[2]

The Court assumes the parties' familiarity with the facts and evidence of record and construes them, as it must at this stage, in the light most favorable to Plaintiffs.

---

[1] The City argues Plaintiffs have failed to state a claim for municipal liability under § 1983, but Plaintiffs' Complaint and brief do not suggest they attempted to do so. The Court therefore need not address such arguments.

[2] The facts that form the basis of this Decision are drawn from the parties' submissions in support of and opposition to the City's motion for summary judgment, including: the City's memorandum of law in support of its motion ("Def. Br."), ECF No. 45; the declaration in support of the motion ("Jacobs Decl."), ECF No. 46, and attached exhibits, ECF Nos. 46-1 to 46-4; Plaintiffs' memorandum of law in opposition to the motion ("Pl. Resp."), ECF No. 48; the declaration in support of Plaintiffs' opposition ("Harvis Decl."), ECF No. 49, and attached exhibits, ECF Nos. 49-1 to 49-3; the City's reply memorandum of law ("Def. Reply"), ECF No. 51; the City's Local Civil Rule 56.1 statement ("Def. 56.1"), ECF No. 47; and Plaintiffs' counter-statement to Defendants' 56.1 statement ("Pl. 56.1"), ECF No. 50. Citations to a party's Rule 56.1 statement incorporate by reference the documents cited therein. Where facts stated in a party's Rule 56.1 statement are supported by testimonial or documentary evidence and denied by the other party with only a conclusory statement without citation to conflicting testimonial or documentary evidence, the Court finds such facts to be true. *See* E.D.N.Y. Local Rule 56.1(c), (d). Citations to any jointly cited exhibit that use only one citation are for the Court's convenience.

## LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" by citation to materials in the record, including depositions, affidavits, declarations, and electronically stored information. Fed. R. Civ. P. 56(a)-(c). In evaluating a motion for summary judgment, courts must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (citation and internal quotation marks omitted). The role of the district court is not to weigh the evidence and determine the truth of the matter, but rather to answer "the threshold inquiry of whether there is the need for a trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). Courts must therefore consider whether the record could "lead a rational trier of fact to find for the non-moving party." *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

If the moving party carries its preliminary burden, the burden shifts to the non-movant to raise the existence of "specific facts showing that there is a genuine issue for trial." *Cityspec, Inc. v. Smith*, 617 F. Supp. 2d 161, 168 (E.D.N.Y. 2009) (Wexler, J.) (quoting *Matsushita*, 475 U.S. at 586). "The mere existence of a scintilla of evidence" in support of the non-movant will not defeat a summary judgment motion, *Anderson*, 477 U.S. at 252, nor will conclusory statements, devoid of specifics, *see Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999); *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998). Rather, the non-moving party must establish the existence of each element constituting its case, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) ("[A] complete failure of proof concerning an essential element of the

non-moving party's case necessarily renders all other facts immaterial."), but "if 'there is any evidence in the record from any source from which a reasonable inference in the [nonmoving party's] favor may be drawn, the moving party simply cannot obtain a summary judgment.'" *Binder & Binder PC v. Barnhart*, 481 F.3d 141, 148 (2d Cir. 2007) (quoting *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 59 (2d Cir. 1997)).

## DISCUSSION

The City moves for summary judgment on the grounds that: (1) even construing the facts in the light most favorable to Plaintiffs, Sutton could not be found to be acting within the scope of his employment as a matter of law, and (2) Plaintiffs have failed to point to sufficient evidence to support their negligent hiring, training, or retention claim. The Court disagrees.

It is well understood that "[t]he doctrine of respondeat superior renders an employer vicariously liable for torts committed by an employee acting within the scope of his or her employment." *Beauchamp v. City of New York*, 771 N.Y.S.2d 129, 131 (2d Dep't 2004). However, "[s]ince the determination of whether an employee's actions fall within the scope of employment depends heavily on the facts and circumstances of the particular case, the question is ordinarily for the jury." *Id.* Here, it is undisputed that Sutton repeatedly pointed his firearm at Plaintiffs, pursued them in his car, caused them to pull over, and then demanded Plaintiffs' license and registration. *See* Pl. 56.1 ¶¶ 8-9, 11. A reasonable jury could easily conclude such actions were taken to further the City's interest or to carry out law enforcement duties incumbent upon Sutton. *See Beauchamp*, 771 N.Y.S.2d at 131; *Graham v. City of New York*, 770 N.Y.S.2d 92 (2d Dep't 2003). Moreover, and contrary to the City's assertions, the record amply demonstrates issues of fact as to whether Sutton stopped and assaulted Plaintiffs for wholly personal reasons, or whether he may have used excessive force and falsely arrested them within

the scope of his employment while investigating what he perceived to be reckless driving and/or criminal possession of a weapon. *Cf.* Pl. 56.1 ¶¶ 6, 8, 10, 13 (pointing to evidence suggesting, *inter alia*, that Sutton called in a "10-13" (officer in need of assistance) while identifying himself as a peace officer, attempted to effectuate a traffic stop of Plaintiffs' vehicle, and displayed his shield to them). Indeed, the City concedes that an investigation conducted by one of its own agencies concluded that Sutton was acting within the scope of his employment. Def. Reply at 5 n.1. Construing these facts in the light most favorable to Plaintiffs, as it must at this stage, the Court easily concludes that a reasonable jury could find Sutton was acting within the scope of his employment during the incident at issue. Accordingly, the City's motion to dismiss Plaintiffs' respondeat superior claims must be denied.

Plaintiffs' negligent hiring, training, and retention claims, pleaded in the alternative, also survive at this stage, as they ultimately may only be asserted if Plaintiffs' respondeat superior claims fail. Given the substantial issues of material fact precluding summary judgment as to Plalintiffs' primary claims, it would be premature and inappropriate to deny the jury this alternative so early in the proceedings.

## CONCLUSION

For the foregoing reasons, the City's motion for summary judgment is DENIED. The Clerk of Court is directed to terminate the motion pending at ECF No. 44.

**SO ORDERED.**

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: December 15, 2017
    Brooklyn, New York

4