UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
YOLMA HAYLETT and KENNETH EASTMOND,

                Plaintiffs,

                -against-

CITY OF NEW YORK and Investigator BRUCE SUTTON;

                Defendants.
-----------------------------------------------------------------x

**PLAINTIFFS' PROPOSED VOIR DIRE QUESTIONS**

15 CV 223 (WFK) (PK)

Pursuant to this Court's Individual Practice Rule (V)(B)(2), plaintiffs Yolma Haylett and Kenneth Eastmond respectfully submit the following list of proposed questions for prospective jurors.

Dated:    September 17, 2018
           New York, New York

                              ELEFTERAKIS, ELEFTERAKIS & PANEK

                              _____
                              Gabriel P. Harvis
                              Baree N. Fett
                              80 Pine St., 38th Floor
                              New York, New York 10005
                              (212) 532-1116
                              gharvis@eeplaw.com

                              *Attorneys for plaintiffs*

1. How do you feel about people bringing lawsuits for money damages against law enforcement officers who they believe have treated them unfairly or violated their rights?

2. Do you think that lawsuits are usually frivolous?

3. This case involves a road rage incident between an off duty law enforcement officer and a member of the public. Is there anything about your views of law enforcement officers that would affect your ability to be impartial in this case?

4. Do you think that a person who carries a gun and a badge is permitted to act the same way as a regular person, or do you hold them to a higher standard?

5. Do you agree that a New York City law enforcement officer's badge carries weight when shown to a member of the public?

6. Do you have any feelings regarding the weight and authority that is associated with a badge when it is shown by a law enforcement officer to a civilian in the street? If so, what are those feelings?

7. Do you have any feelings regarding the weight and authority that is associated with a gun when it is drawn and pointed at a civilian in the street? If so, what are those feelings?

8. Are you open to the possibility that a New York City law enforcement officer can abuse his/her authority?

9. Have you or has any member of your immediate family or household ever held any job in (a) a law enforcement agency, (b) any government agency, (c) the state or local police, (d) the FBI, (e) any prosecutor's office, (f) probation or parole agency or (g) a private detective or security guard agency?

10. Have any of your neighbors, friends or relatives ever held a job in (a) a law enforcement agency, (b) any government agency, (c) the state or local police, (d) the FBI, (e) any prosecutor's office, (f) probation or parole agency or (g) a private detective or security guard agency?

11. Have you or anyone close to you ever been employed as an officer by any law enforcement agency in any capacity? If so, please explain.

12. Have you or anyone close to you ever been employed by any municipality in the State of New York including the City of New York? What was the position held?

13. Does your job cause you to work with any law enforcement officer or agency?

14. Were you ever in the military?

   (a) What ranks did you hold?

   (b) What duties did you hold?

   (c) Were you ever in the military police?

15. Do you have any opinions concerning the Department of Correction?

    (a) What are they?

16. Are you open to holding the City of New York responsible for failing to properly train a New York City law enforcement officer on how to act in connection with use of his department-issued firearm?

17. Are you open to holding the City of New York responsible for the actions of one of its employees, even if the actions occurred off duty?

18. Specifically, are you open to holding the City of New York responsible for the actions of its employees, even if off duty and involving the intentional use of a gun during a road rage incident?

19. You may hear evidence that Mr. Eastmond has a conviction for manslaughter. Based on that fact alone, can he receive a fair trial from you?

20. Do you believe that a person can serve time in prison and be rehabilitated over the course of their sentence?

21. Are you open to the fact that a person who has committeed manslaughter can still be wronged by a New York City law enforcement officer?

22. Specifically, are you open to the fact that a person convicted of felony manslaughter can have his civil rights violated by a New York City law enforcement officer?

23. If you are instructed that Mr. Sutton violated Mr. Eastmond's civil rights, can you award fair and just compensation to Mr. Eastmond even though he has a felony conviction from 2003?

24. At this juncture, without hearing any evidence, is there any amount of damages that you would never exceed if you knew the money was going to a convicted felon?

25. Does anyone here feel for any reason that citizens who believe that they have been treated illegally and unfairly should not bring suit against law enforcement officers for their off duty conduct? If so, please explain.

26. If a civilian and a law enforcement officer give conflicting testimony about the same incident, would you be inclined to believe the law enforcement officer over the civilian? If so why?

27. Would you have any trouble awarding damages against an off duty law enforcement officer if the Court instructed you to do so?

28. Do you believe that you could not, for whatever reason, place a dollar value on Ms. Haylett's or Mr. Eastmond's injuries, including injuries for mental suffering, even if the evidence and the law supports that they be compensated for those items?

29. Do you believe that you could not, for whatever reason, award damages to someone for emotional injuries if they were not physically injured?

30. Would you have any trouble awarding damages not just to compensate a person for injuries, but to punish a law enforcement officer who abused his authority, even if he was off duty?

31. Do you have a maximum sum of money that you would never exceed in an award to Ms. Haylett and Mr. Eastmond even if the evidence and the law to be applied support a larger amount of money?