UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YOLMA HAYLETT and KENNETH EASTMOND

                                        Plaintiffs,

                    - against -

THE CITY OF NEW YORK and Investigator BRUCE
SUTTON

                                        Defendant.

## DEFEANDANT CITY OF NEW YORK'S

## PROPOSED JURY INSTRUCTIONS

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendant The City Of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Evan Brustein*
*Tel: (212) 356-2651*

## I. GENERAL INTRODUCTORY CHARGES

        Not to be provided by the parties per the Individual Practices of the Hon. William

F. Kuntz.

## II. SUBSTANTIVE INSTRUCTIONS

With these instructions in mind, let us turn to the substantive law to be applied in this case.

### A.  Nature of Plaintiffs' Claims

Plaintiffs allege state law claims, the specifics of which I will explain to you momentarily. However, before I do so, I want to explain that for the purposes of this trial, the plaintiffs are only making claims against the City of New York as the municipality that employed Bruce Sutton.  You should consider the evidence against the City of New York separately from the evidence against Mr. Sutton.  And you must ask whether plaintiffs have proved the elements of the claim against the defendant City of New York by a preponderance of the evidence. The City of New York is entitled to a fair consideration of the evidence relating to the claims against the City and whether or not you believe Bruce Sutton did anything wrong, should not prejudice any finding you make for or against the defendant City of New York.

The reason this case is being tried in federal court is because in addition to alleging state law claims against Bruce Sutton and the City of New York, the plaintiffs have also alleged federal claims against Bruce Sutton.  However, since the plaintiffs do not allege that the City of New York has violated any federal claims, the only claims I will explain to you are the state law claims.

### B.  Plaintiffs' State Law Claims[1]

---

[1]  The City respectfully submits that the jury should not be given an intentional infliction of emotional distress charge because as a matter of law, it is subsumed by the assault claim proceeding to trial.  See Moore v. City of New York, 219 F. Supp. 2d 335, 339 (E.D.N.Y. 2002) (granting defendants summary judgment and dismissing plaintiff's claim of Intentional Infliction of Emotional Distress as being encompassed by plaintiff's claims for assault, battery, and malicious prosecution) (quoting Hansel v. Sheridan, 991 F. Supp. 69, 75 (N.D.N.Y. 1998) (McAvoy, Chief Judge).  Moreover, there can be no claim against the City for IIED.  Danielak v. City of N.Y., No. 02-CV-2349 (KAM), 2005 U.S. Dist. LEXIS 40901, at *55 (E.D.N.Y. Sep. 26,

Plaintiffs assert two state law causes of action against defendant City of New York: a <u>Respondeat</u> <u>Superior</u> claim and a negligent hiring claim.

1. **<u>Respondeat</u> <u>Superior</u>**[2]

    a. **Scope of Employment**

In order to find the City of New York liable for <u>Respondeat</u> <u>Superior</u>, you must first find that Bruce Sutton was acting in the scope of his employment with the City of New York when he interacted with the plaintiff, and then you also must find that Bruce Sutton falsely arrested or assaulted the plaintiff.

An employer is generally responsible for the action of its employee if the act is in furtherance of the employer's business and is within the scope of the employee's authority. An act is within the scope an employee's authority if it is performed while the employee is engaged generally in the performance of his assigned duties or if the act is reasonably necessary or incidental to the employment. Among the factors you may consider in deciding whether Mr. Sutton was acting within the furtherance of the City's business and within the scope of his authority, whether he was on or off duty when the allegedly wrongful conduct occurred, whether he acted with the employer's interests in mind or his own, whether the employer stood to benefit from his conduct, whether the conduct alleged is one commonly done by such an employee, the

---

2005); Hazan v. The City of New York, 1999 U.S. Dist. LEXIS 10499, *23(S.D.N.Y. 1999). <u>See also</u> Graham v. City of New York, 2015 Slip OP 31753 *25-26 (Sup Ct. Bronx County 2015)(It is well settled that "public policy bars claims alleging intentional infliction of emotional distress against governmental entities.").; Eckardt v City of White Plains, 87 AD3d 1049, 1051, 930 N.Y.S.2d 22 (2d Dept 2011); Ellison v City of New Rochelle, 62 AD3d 830, 833, 879 N.Y.S.2d 200 (2d Dept 2009); Lillian C. v Administration for Children's Services, 48 AD3d 316, 317, 852 N.Y.S.2d 86 (1st Dept 2008); Pezhman v City of New York, 47 AD3d 493, 494, 851 N.Y.S.2d 14 (1st Dept 2008).
[2] Adapted from the New York Pattern Jury Instructions on Employer Employee liability.

extent of departure from normal methods of performance and whether the specific conduct is such that the City could have reasonably anticipated it.

In determining whether Mr. Sutton was acting within the scope of his authority as an Investigator, you must consider his status as a Special Patrolman. A Special Patrolman, is appointed in connection with special duties of employment, and such a designation confers limited Peace Officer powers upon the employee. The exercise of these powers is limited to the employee's geographical area of employment and only while such employee is actually on duty.[3] In other words, Mr. Sutton's authority to arrest and use force etc., only existed while he was at his job on duty.

### b. False Arrest

If you find that Investigator Bruce Sutton was acting in the scope of his employment with the City of New York, you must then consider if he falsely arrested either plaintiff. Under New York state law, no person may be arrested without probable cause for such an arrest. Plaintiffs Yolma Haylett and Kenneth Eastmond claim that Mr. Sutton caused them to be falsely arrested. Plaintiffs are not alleging that the police officers who actually stopped them committed any violation of law or subjected them to false arrest.

The elements of false arrest are as follows: 1) The defendant intended to confine plaintiff; 2) The plaintiff was conscious of the confinement; 3) The plaintiff did not consent to the confinement; 4) The confinement was not otherwise privileged. See Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995); Savino v. City of New York, 331 F.3d 63, 75 (2d. Cir. 2003); Broughton v. State, 37 N.Y.2d 451, 456 (1975). The burden is on the plaintiff to prove by a preponderance of the evidence each of the first three elements. If you find that plaintiff failed

---

[3] 38 R.C.N.Y. § 13-1.

to prove any of these first three elements with respect to Bruce Sutton, you must find for the City of New York. If you find that plaintiff has proven by a preponderance of the evidence each of the first three elements, then you should turn your attention to whether the confinement was privileged.

With respect to the element of "not otherwise privileged," an arrest is privileged or lawful if probable cause existed to believe that plaintiff was committing, or had committed, a crime or crimes.

Probable cause exists if the facts and circumstances known to Bruce Sutton at the time of the arrest were such as to lead a reasonably prudent person to believe that plaintiff had committed, was committing a crime or was about to commit a crime. An arrest made with probable cause is lawful even if the plaintiff actually did not commit the crime.[4] The arrestee's actual guilt or innocence is irrelevant to the determination of probable cause. See Montes v. Kings, 00 CV 4707 (RCC), 2007 U.S. Dist Lexis 14464, (S.D.N.Y 2002); see also Marshall v. Sullivan, 105 F.3d. 47, 54 (2d Cir 1996); Annunziata v. City of New York, 06 CV 7637 (SAS), 2008 U.S. Dist. LEXIS 442097 at *16 (S.D.N.Y. May 28, 2008).

The existence of probable cause is measured at the moment of arrest, not based on later developments.[5] This is why the ultimate disposition of the criminal charges against plaintiff is irrelevant to this question.[6] So long as there is probable cause, a defendant is not required to explore every theoretical claim of innocence before an arrest. Panetta v. Crowley, 460 F.3d. 388,

---

[4] Adopted from Manigault v. Brown, 11 CV 4307 (LAK) (S.D.N.Y. 2012).

[5] Adopted from Manigault v. Brown, 11 CV 4307 (LAK) (S.D.N.Y. 2012), and Tsesarskaya v. City of New York, 11 CV 4897 (AJP) (S.D.N.Y. 2012).

[6] Adopted from Manigault v. Brown, 11 CV 4307 (LAK) (S.D.N.Y. 2012), and Benushi v. Palmer, 08 CV 2937 (KAM) (EDNY 2011).

396 (2d Cir. 2006). In fact, a defendant has no duty to investigate any claims of innocence made by a plaintiff. Panetta, 460 F.3d. at 396.[7] Moreover, probable cause is not defeated simply because a defendant ignored any statements of innocence by a plaintiff or his witnesses. Panetta v. Crowley, 460 F.3d 388, 395-96 (2d Cir. 2006).

Moreover, once a defendant possesses facts sufficient to establish probable cause, he is neither required, nor allowed to sit as prosecutor, judge or jury. See Panetta, 460 F.3d at 396; see also Cerrone v. Brown, 246 F.3d 194, 203 (2d Cir. 2001). Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through the weighing of the evidence. Probable cause can exist even where it is based on mistaken information, so long as the defendants acted reasonably and in good faith in relying on that information. See Dawson v. Snow, 356 Fed. Appx. 526 (2d Cir. 2009).

The existence of probable cause is not measured by the strict standards required for criminal conviction.[8] A defendant need not have been convinced beyond a reasonable doubt at the time of an arrest that a criminal offense was being or had been committed. Before making an arrest, if the defendant has probable cause, he need not also believe with certainty that the plaintiff will be successfully prosecuted. See Curley v. Village of Suffern, 268 F.3d. 65, 70 (2d Cir. 2001). Probable cause requires only a fair probability that an offense has been or is being committed.

Additionally, there need not have been evidence proving each of the elements of the offense at the time of the arrest. See Devenpeck v. Alford, 543 U.S. 146, 152-53 (2004); Michigan v. DeFilippo, 443 U.S. 31, 36 (1979). Many crimes require that the individual commit

---

[7] See also Annunziata v. City of New York, 06 CV7637 (SAS) (SDNY 2008).

[8] Adopted from Manigault v. Brown, 11 CV 4307 (LAK) (SDNY 2012).

an act with a certain intention or state of mind.    However, for the purposes of probable cause, when a defendant has evidence that plaintiff engaged in conduct prohibited by law, he has probable cause to arrest the plaintiff even without specific evidence on the elements of knowledge and intent that will have to be proved by the prosecutor to secure a conviction at trial. See McGuire v. City of New York, 142 Fed. Appx. 1, 3 (2d Cir. 2005).  This is supported by the law's general recognition that the fact that an innocent explanation may be consistent with the facts as alleged does not negate probable cause.  See McGuire v. City of New York, 142 Fed. Appx. 1, 3 (2d Cir. 2005).

Moreover, it is not necessary to show that there was probable cause for each possible offense that plaintiff committed or was committing.[9]   A defendant need only have probable cause to believe that plaintiff was committing or had committed an offense or crime.[10] An arrest made with probable cause is lawful even though the plaintiff may not have committed *any* of the offenses for which he was arrested.[11]   See Marcavage v. City of New York, 689 F.3d 98, 109-10 (2d Cir. 2012).

Finally, you cannot take into account any perceptions you may have regarding any defendant's underlying intent or motivation.  Even if a defendant acts with evil intentions, that defendant will not have violated the law if he had probable cause under the circumstances.[12]

---

[9] Adopted from Spero v. Tudor, 11 CV 4850 (BMC) (EDNY 2012).

[10] Adopted from Spero v. Tudor, 11 CV 4850 (BMC) (EDNY 2012).

[11] This charge stems from the opinion in Devenpeck.  See also Jaegly v. Couch, 439 F.3d. 149 (2d Cir. 2006), the "focus is on the validity of the arrest, and not the validity of each charge." See Spero v. Tudor, 11 CV 4850 (BMC) (EDNY 2012).

[12] Adopted from Spero v. Tudor, 11 CV 4850 (BMC) (EDNY 2012).

The question for you to answer is whether Bruce Sutton had, by a preponderance of the evidence, probable cause to believe that plaintiff was committing, or had committed, *any* crime or offense - - not only the ones with which plaintiff was ultimately charged.

I am now going to describe to you the offenses you may consider in deciding whether there was probable cause to arrest plaintiff for any one of the following offenses on June 26, 2014. Now to the offenses themselves:

A person is guilty of Disorderly Conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he engages in fighting or in violent, tumultuous or threatening behavior . . . . He obstructs vehicular or pedestrian traffic . . . or . . . He creates a hazardous or physically offensive condition by any act which serves no legitimate purpose.

A person is guilty of Menacing in the Third degree when, by physical menace, she intentionally places or attempts to place another person in fear of death, imminent serious physical injury or physical injury.

A person is guilty of reckless endangerment in the second degree when he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person.

A person is guilty of Harassment in the Second degree when, with intent to harass, annoy or alarm another person she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same.

A person is guilty of criminal possession of a weapon in the fourth degree when: (1) He or she possesses any firearm, electronic dart gun, electronic stun gun, gravity knife, switchblade knife, pilum ballistic knife, metal knuckle knife, cane sword, billy, blackjack,

bludgeon, plastic knuckles, metal knuckles, chuka stick, sand bag, sandclub, wrist-brace type slingshot or slungshot, shirken or "Kung Fu star"; or (2) He or she possesses any dagger, dangerous knife, dirk, machete, razor, stiletto, imitation pistol, or any other dangerous or deadly instrument or weapon with intent to use the same unlawfully against another . . . .

Reckless Driving is defined under Vehicle and Traffic Law §1212 as driving or using any motor vehicle in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway.

Failure to make turning movements and required signals is defined under Vehicle and Traffic Law §1163 as when a person moves right or left upon a roadway without giving an appropriate signal for the last one hundred feet traveled by the vehicle before turning.

Overtaking a vehicle on the right is defined under Vehicle and Traffic Law §1123. It is illegal to pass a vehicle on the right hand side unless that vehicle is about to make a left turn, or the street or highway has unobstructed pavement not occupied by parked vehicles of sufficient width for two or more lines of moving vehicles in the same direction.

If you find that Bruce Sutton had probable cause to stop the vehicle, then you must also find that there was probable cause to stop any passenger in that vehicle for the duration of that stop.[13]

In addition to an arrest, you may also find that Bruce Sutton had the right to stop plaintiff for an investigation. An officer has the right to stop a person in a public place when the officer reasonably suspects that the person has committed or is about to commit a crime and ask the person his name, address, and to explain his conduct. N.Y. Crim. Proc. Law § 140.50(1); Sibron v. New York, 392 U.S. 40, 88 S. Ct. 1889 (1968). The

---

[13] See Annan v. City of N.Y. Police Dep't, No. 12 CV 2702 (CBA), 2014 U.S. Dist. LEXIS 184744, at *34-35 (E.D.N.Y. Sep. 9, 2014).

officer need not actually establish that the individual engaged in criminal activity before stopping the person. "A law enforcement official, given appropriate circumstances, may approach an individual acting in a suspicious manner if the investigative stop is based on facts that generate a 'reasonable suspicion' that the individual is engaged in criminal activity." United States v. Ramirez-Cifuentes, 682 F.2d 337, 341 (2d Cir. 1982). For the purpose of determining whether officers had reasonable suspicion to make an investigatory stop, the actual motivations of the individual officers involved in the stop are irrelevant. Holeman v. City of New London, 425 F.3d 184, 190 (2d Cir. 2005).

### Assault[14]

Plaintiffs bring a claim to recover damages for assault. An assault is an intentional placing of another person in apprehension of imminent harmful or offensive contact. Gould v. Rempel, 99 A.D.3d 759, N.Y.S.2d 633 (2d Dep't 1974). A person is liable for assault when he intentionally causes another person to become concerned that the person is about to cause a harmful or offensive bodily contact. In order to commit an assault, the person must have the real or apparent ability to bring about that harmful or offensive bodily contact. Ordinarily, threatening words without some action are not enough to constitute an assault. There must be some menacing act or gesture that causes the plaintiff to believe that a harmful or offensive bodily contact is about to occur. It is not necessary that there be any contact.

Notice the word "intentionally" in defining an assault. Intent involves the state of mind with which an act is done. If a person acts voluntarily with a desire to bring about a result, he is said to have intended that result. Further, although he has no desire to bring about the

---

[14] The majority of this section is taken from the jury instruction given in Oumou Bah v. Edwin Mateo 13-CV-6690 on November 13, 2017.

result, if he does the act knowing, with substantial certainty, that the result will follow, he is said to have intended that result.

If you find that a plaintiff has proven by a preponderance of the evidence that Bruce Sutton intentionally placed that plaintiff in apprehension of imminent harmful or offensive contact, then you must also consider whether that plaintiff has proven by a preponderance of the evidence that the defendant's conduct was not justified. Under the law, "a peace officer, in the course of effecting or attempting to effect an arrest, or of preventing or attempting to prevent the escape from custody, of a person whom he or she reasonably believes to have committed an offense, may use physical force when and to the extent he or she reasonably believes such to be necessary to effect the arrest, or to prevent the escape from custody, or in self-defense or to defend a third person from what he or she reasonably believes to be the use or imminent use of physical force. N.Y. Penal Law § 35.30(a).

If you find that Bruce Sutton was acting in his capacity as a peace officer, then Bruce Sutton had the lawful authority to take that plaintiff into custody if he had probable cause to believe that the plaintiff had committed one of the previously described offenses, or if he had probable cause to believes some coercion or force to detain plaintiff's was reasonable, any such action was justified and you must find for defendant.

If plaintiff proves by a preponderance of the evidence that Bruce Sutton did not have lawful authority to take plaintiff into custody, or that his actions were not otherwise authorized under the law I have described to you, then Bruce Sutton's conduct was not justified. You must also assess whether the Bruce Sutton's' actions in placing the plaintiff in apprehension of imminent harmful or offensive contact were objectively reasonable. You should determine whether or not each plaintiff has proven by a preponderance of the evidence that the Bruce

Sutton's conduct was objectively unreasonable in light of the totality of the circumstances known to him.

## Negligent Retention[15]

Plaintiffs allege that the City of New York was negligent in retaining Mr. Sutton. If you found that Mr. Sutton was not acting in his capacity as an employee of the City of New York, as previously explained to you, then you cannot find that the City of New York was negligent in retaining Mr. Sutton. In order to find the City liable for negligent retention, you must first find that Mr. Sutton either falsely arrest or assaulted the plaintiffs. If you do not find that Mr. Sutton's conduct towards plaintiffs is wrongful, then you cannot find the City was negligent in retaining him. If you do find that Mr. Sutton committed a wrongful act against plaintiffs, then but only then should you consider whether the City was negligent in retaining Mr. Sutton as an employee prior to Mr. Sutton's acts on June 26, 2014.

While generally an employer is not responsible for acts of an employee that are outside the scope of his employment, it has a duty to use reasonable care in the employment training and supervision of its employees to find out whether they are competent to do their work without danger of harm to others. This duty of reasonable care has two aspects. An employer fails in this duty where it knows that an employee has vicious propensities and the employer fails to use reasonably care to correct or remove the employee. An employer also fails in the duty of reasonable care when it knows of facts that would lead a reasonably prudent person to conduct an investigation which could have uncovered the information about the employee and fails to do so. When the employer fails in its duty, its liable for harm that results provided a reasonably prudent person would have foreseen the likelihood of injury to others by that employee. Further,

---

[15] The majority of this section is taken from the NY Pattern Jury Instructions.

in terms of foreseeability, the risk of that class of injury must not merely be possible, it must be probable.

If you find that the employee, here Mr. Sutton, did not have vicious propensities, then you should not find the City liable for negligent retention. If you find that Mr. Sutton had vicious propensities, but that the City did not have knowledge of those propensities prior to June 26, 2014, then you should not find the City negligent. If you find that Mr. Sutton had vicious propensities, and that the City had knowledge of these propensities, but find that a reasonable person would not have foreseen the wrongful conduct alleged by plaintiffs, then you should not find the City liable for negligent supervision. If you find that all three of these elements are met – that Mr. Sutton had vicious propensities, that the City knew of these propensities and hired or retained him despite that knowledge prior to June 26, 2014, and that it would have been foreseeable to a reasonably prudent person that given these propensities that Mr. Sutton might harm a person, then you should consider the final element of the claim – whether the City's negligence in retaining Mr. Sutton was a substantial factor in causing plaintiffs' alleged injury.

Conduct is a substantial factor in bringing about an injury if it had such an effect in producing the injury that reasonable people would regard it as a cause of the injury. There may be more than one cause of an injury, but to be substantial, it cannot be slight or trivial. Here, the City claims that it is not responsible for the plaintiffs' alleged injuries because any injuries were caused by Mr. Sutton when he was off-duty. If you find that the City was negligent in supervising Mr. Sutton, but that the plaintiffs' injuries were caused by the action of Mr. Sutton, you may still find that the City is liable for plaintiffs' injuries if you also find that a reasonably prudent person in the City's position, would have foreseen, before Mr. Sutton allegedly committed the acts alleged, that an act of the kind committed by Sutton would be probable. If

you find that a reasonably prudent person would not have foreseen an act of the kind committed by Mr. Sutton as a probable consequence of the City's alleged negligence, then the City is not responsible for the plaintiffs' injuries and the plaintiffs may not recover. Stated differently, if you find that Mr. Sutton' alleged conduct was not set in motion by the City's negligence, then you should not find the City liable for negligent supervision Mr. Sutton.

Additionally, if you find that the City could have foreseen the injury to plaintiffs, but that it did not have the power to control the conduct of Mr. Sutton, then the City cannot be liable for negligent retention and supervision.

## III. DAMAGES[16]

### A. Damages Generally

If you conclude that the plaintiffs have met their burden of proving liability, then you must determine the damages, if any, to which they are entitled. You should not infer that the plaintiffs are entitled to recover damages merely because I am instructing you on how to calculate damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that they are warranted.

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, that a plaintiff has suffered as a result of a defendant's actions. The damages that you award must be fair and reasonable, neither inadequate nor excessive. It is the plaintiffs' burden to prove the amount of damages and to prove that the damages were caused by a defendant's actions.

---

[16] The majority of the paragraphs in this section are adapted from the instructions given by the Hon. Judge Paul A. Engelmayer in <u>Gabriel Diaz v. Lauren Diaz, et al.</u>, 14 CV 4716-PAE (S.D.N.Y. Feb. 3, 2016).

In awarding damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require the plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

If you make any award of damages, such award is not subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any. The verdict form I will give you will assist you in recording the determinations, if any, that you make as to damages.

### B.    Compensatory Damages or Nominal Damages

The plaintiffs seek "compensatory damages." If the plaintiffs have proved all the essential elements to their claims, then they are entitled to compensatory damages for any physical injury or pain and suffering caused by the unlawful conduct of the defendant or defendants whom you have found liable, as well as emotional distress, fear, personal humiliation, and indignation caused by that conduct.

Compensatory damages may not be based on speculation or sympathy. They must be based on those injuries that you find the plaintiff has proven by a preponderance of the evidence presented at trial, and only on that evidence. There is no requirement that evidence of the monetary value of such intangible things as pain and suffering be introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at the trial.

Moreover, you may not simply award damages for any injury suffered by plaintiffs - damages can only be awarded for those injuries that are a proximate result of conduct by defendant City of New York that violated plaintiff's rights.

Alternatively, you may award "nominal damages." Nominal damages are awarded as recognition that the plaintiff's rights have been violated. If you find after considering all the evidence presented, that Bruce Sutton violated the plaintiff's state law rights in his capacity as an employee of the City of New York, but that the plaintiff has failed to prove by a preponderance of the evidence that the plaintiff suffered any actual damages as a result of this violation, you must award the plaintiff nominal damages. You may also award nominal damages, if, upon finding that some injury resulted from the deprivation of the plaintiff's, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing. You may not award both nominal and other damages to the plaintiffs; either they experienced actual damages, in which case you must award damages, or else they did not, in which case you may award nominal damages.

Nominal damages may be awarded only for a token sum, not to exceed one dollar.

**IV. FINAL GENERAL CHARGES**

Not to be submitted by the parties as per the Individual Rules of the Hon. William

F. Kuntz.

DATED:    New York, New York
              September 17, 2018

                      Respectfully submitted,

                      ZACHARY W. CARTER
                      Corporation Counsel of the City of New York
                      *Attorney for Defendant City of New York*
                      100 Church Street, Room 3-147
                      New York, New York 10007
                      (212) 356-2651
                      ebrustei@law.nyc.gov

                            /s/ Evan Brustein
                By:  _____
                      Evan Brustein
                      *Senior Counsel*