15 CV 223 (WFK)(PKC)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YOLMA HAYLETT and KENNETH EASTMOND,

Plaintiffs,

-against-

THE CITY OF NEW YORK and BRUCE SUTTON,
individually and in his official capacity,

Defendants.

## DEFENDANT CITY OF NEW YORK'S OPPOSITION IN RESPONSE TO PLAINTIFF'S MOTION FOR FEES AND COSTS

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Evan Brustein*
*Tel:  (212) 356-2651*
*Matter #:  2015-001511*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................... 1

POINT I

    PLAINTIFFS ARE NOT ENTITLED TO ANY
    ATTORNEYS' FEES ........................................................................................ 2

POINT II

    THE REQUESTED HOURLY RATES ARE
    UNREASONABLE ........................................................................................... 5

    A.    Plaintiffs Cannot Even Establish That They Succeeded
          on Their §1983 Claims ................................................................ 7

    B.    Kahn's Hourly Rate Should Be Set At No More Than
          $300/Hour ................................................................................... 8

    C.    Harvis' Hourly Rate Should Be Set At No More Than
          $300/Hour ................................................................................... 9

    D.    Fett's Hourly Rate Should Be Set At No More Than
          $300/Hour ................................................................................... 9

    E.    La Penna's Hourly Rate Should Be Set At No More
          Than $200/Hour ......................................................................... 10

POINT III

    THE AMOUNT OF HOURS EXPENDED MUST BE
    REDUCED ....................................................................................................... 11

    A.    Kahn's Hours Should Be Reduced To 14.3 Hours ....................... 11

    B.    Harvis' Hours Should Be Reduced to 41.61 Hours ...................... 12

    C.    Fett's Hours Should be Reduced to 1.9 Hours ............................. 19

    D.    La Penna Should Be Reduced to 0 Hours .................................... 19

    E.    Plaintiffs Costs Are Excessive And Not Related To
          Defendant Sutton's Federal Claims ............................................ 19

CONCLUSION .............................................................................................................. 20

**TABLE OF AUTHORITIES**

**Cases**                                                                    **Pages**

Anderson v. Cnty of Suffolk,
    09-CV-1913 (GRB), 2016 U.S. Dist. LEXIS 48891 ............................................9

Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and
    Albany County Bd. of Elections,
    522 F.3d 182 (2d Cir. 2008)......................................................................5, 6

Barfield v. New York City Health and Hosps. Corp.,
    537 F.3d 132 (2d Cir. 2008)...................................................................6-7, 7

Blum v. Stenson,
    465 U.S. 886 (1984)......................................................................................6

DiFilippo v. Morizio,
    759 F.2d 231 (2d Cir. 1985)........................................................................11

Farrar v. Hobby,
    113 S. Ct. 566 (1992)...................................................................................8

Farrar v. Hobby,
    506 U.S. 103 S. Ct. 566, 121 L. Ed. 2d 494 (1992)...................................7

Frow v. De la vega,
    82 U.S. 552 (1872).....................................................................................4-5

Gierlinger v. Gleason,
    160 F.3d 858 (2d Cir. 1998)........................................................................6

Hensley v. Eckerhart,
    461 U.S. 424 (U.S. 1983)...........................................................................11

Hicks v. Vane Line Bunkering, Inc.,
    11CV8158 (KBF), 2013 U.S. Dist. LEXIS 55043 (S.D.N.Y. Apr. 16, 2013)........................7

Hines v. City of Albany,
    862 f.3d 215 (2d Cir. 2017) .........................................................................4

Imbeault v. Rick's Cabaret Int'l Inc.,
    No. 08 Civ. 5458, 2009 U.S. Dist. LEXIS 71562 (S.D.N.Y. Aug. 13, 2009) ..........................5

Int'l Controls Corp. v. Vesco,
    535 F.2d 742 (2d Cir. 1976).........................................................................5

**Cases**                                                                                                    **Pages**

Int'l Gemmological Inst., Inc. v. Rafaeil,
    05 civ. 2395 (JGK)(JCF),
    2005 U.S. Dist. LEXIS 19288 (S.D.N.Y. Aug. 17, 2005);......................................................5

Johnson v. Ga. Highway Express, Inc.,
    488 F.2d 714 (5th Cir. 1974),
    abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)...........................6

Kirsch v. Fleet Street, Ltd.,
    148 F.3d 149 (2d. Cir. 1988).............................................................................................11

Lavely v. Redheads, Inc.,
    03 Civ. 7752 (RMB)(KNF),
    2007 U.S. Dist. LEXIS 77109 (S.D.N.Y. Oct. 12, 2007) ..........................................6

Lawrence v. Vaman Trading Co.,
    92-CV-0377 (DNE), 1993 U.S. Dist. LEXIS 7161 (S.D.N.Y. May 28, 1993) ......................5

Luciano v. Olsten Corp.,
    109 F.3d 111 (2d Cir. 1997).............................................................................................19

Lunday v. City of Albany,
    42 F.3d 131 (2d Cir. 1994).............................................................................................11

Menghi v. Hart,
    745 F. Supp. 2d 89 (E.D.N.Y. 2010..............................................................................3, 4

New York State Ass'n for Retarded Children, Inc. v. Carey,
    711 F.2d 1136 (2d Cir. 1983).........................................................................................11

Polk Cty. v. Dodson,
    454 U.S. 312 (1981)..........................................................................................................3

Quaratino v. Tiffany & Co.,
    166 F.3d 422 (2d Cir. 1999)...........................................................................................11

Romero v. City of New York,
    839 F. Supp. 2d 588 (E.D.N.Y. 2012) ............................................................................3

Rozell v. Ross-Holt,
    576 F.3d 527 (S.D.N.Y. 2008).........................................................................................6

Silva v. City of N.Y.,
    No. 15-CV-6965 (WFK) (ST),
    2017 U.S. Dist. LEXIS 76786 (E.D.N.Y. May 18, 2017) ...................................................8, 9

**Cases**                                                                    **Pages**

Simmons v. New York City Transit Auth.,
   575 F.3d 170 (2d Cir. 2009)................................................................................6

Small v. N.Y.C. Transit Auth.,
   No. 03-CV-2139 (MDG),
   2014 U.S. Dist. LEXIS 39582, 2014 WL 1236619 (E.D.N.Y. Mar. 25, 2014)........................9

Thomas v. City of New York,
   1:09-CV-3162, 2016 U.S. Dist. LEXIS 8960,
   2016 WL 319982 (S.D.N.Y. January 25, 2016) ......................................................7

Walker v. City of New York,
   11-CV-314 (CBA), 2015 WL 4568305 (E.D.N.Y. July 28, 2015)..........................................8

West v. Atkins,
   487, U.S. 42 (1988)..........................................................................................2

Wood v. State of NY,
   119 A.D.3d 672...............................................................................................13

**Statutes**

38 R.C.N.Y. § 13-1 ............................................................................................3

38 R.C.N.Y. § 13-1(b) ........................................................................................3

42 U.S.C. § 1983................................................................................1, 2, 3, 4, 7, 14

42 U.S.C. § 1988................................................................................................1, 12

UNTED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- x

YOLMA HAYLETT and KENNETH EASTMOND,

                            Plaintiffs,          15 CV 223 (WFK) (PKC)

              -against-

THE CITY OF NEW YORK and BRUCE SUTTON,
individually and in his official capacity,

                       Defendant.

--------------------------------------------------------------------- x

## DEFENDANT CITY OF NEW YORK'S OPPOSITION IN RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS[1]

### PRELIMINARY STATEMENT

      Plaintiffs are not entitled to attorneys' fees because they were unsuccessful on their federal claims.  Section 1983 requires a defendant to be acting under the color of state law.  It is undisputed that the jury found defendant Bruce Sutton to not be acting under the color of state law.  As plaintiffs' federal claims were all brought under Section 1983 and the only way for plaintiffs to recover attorneys' fees pursuant to Section 1988 would have been for the jury to have found that Bruce Sutton violated their rights while acting under the color of state law, plaintiffs' failure to do so is fatal to their claim for attorneys' fees.

      In any event, reasonable, paying clients would never pay their attorneys the amount sought here to litigate this case based on both the inflated hourly rates sought by the

---

[1] Defendant City of New York is submitting this Opposition even though no fees are sought from the City of New York and defendant Bruce Sutton is not represented by the Office of the Corporation Counsel.  Should the Court find that an amicus brief would be more appropriate, defendant City of New York has no objection to this being considered as an amicus brief.

attorneys and their padded hourly bills.  Reasonable, paying clients would also never pay their attorneys the hourly rates or the amount sought here to litigate this case given their failure to be awarded any compensatory damages.

Accordingly, plaintiffs' request that the Court award their attorneys' fees and costs in the amount of $73,123.78 should be denied, and the amount awarded, if any, must be reduced significantly, if granted at all, on the grounds that (1) the hourly rates proposed for Mr. Kahn, Mr. Harvis, Ms. Fett, and Mr. La Penna are unreasonable, and (2) the amount of hours expended by plaintiffs' counsel in litigating this matter is unreasonable.  As set forth herein, defendant City of New York submits that, at most, an award of $18,726.28 in total fees and costs is appropriate here.

## POINT I

## PLAINTIFFS ARE NOT ENTITLED TO ANY ATTORNEYS' FEES

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487, U.S. 42, 48-49 (1988).  In this case, plaintiffs sued Bruce Sutton for false arrest, unlawful stop and several law state law claims, as well as the City of New York, under the theory that Bruce Sutton was acting in his capacity as a city employee.  The jury returned a verdict finding that plaintiffs did not prove that Bruce Sutton was acting within the scope of the City of New York's business and within the scope of his authority when he encountered the plaintiffs.  See Verdict Sheet, at Question No. 1, at Document No. 92.  Furthermore, even though Bruce Sutton had defaulted in the matter and failed to appear at trial, the jury found that plaintiffs had failed to prove that they were entitled to any compensatory damages.  See Id., at Q Nos. 2 and 3.

While plaintiffs may argue that the punitive damages award is evidence that they were successful on their Section 1983 claims, the jury's verdict actually suggests that punitive damages were awarded only in connection to their state law claims. Based on the jury's verdict, it is unlikely that the jury intended to award damages in connection with defendant Sutton's acting under the color of law, as required by Section 1983 claims. As noted above, the jury found that Bruce Sutton was **not** acting within the scope of his employment. Mr. Sutton's employment, which was undisputed at trial and forms the basis of the jury's findings, was that of a Special Patrolman under New York State Law and the regulations of the City of New York. See 38 R.C.N.Y. § 13-1. Specifically, the exercise of a special patrolman's powers is limited to the employee's geographical area of employment and only while such employee is actually on duty. See 38 R.C.N.Y. § 13-1(b). Thus, Mr. Sutton's authority from the state was limited to the geographical area of his employment when he is actually on duty. The Supreme Court has explained "that a person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Polk Cty. v. Dodson, 454 U.S. 312, 317-18 (1981) (internal citations omitted).

Here, the scope of Mr. Sutton's employment is identical to his power under state law, since his authority ended when he was outside the scope of his employment. While some courts have said that the scope of employment question is a different inquiry from whether the person was acting under the color of state law, see e.g. Romero v. City of New York, 839 F. Supp. 2d 588, 630 n.26 (E.D.N.Y. 2012) (citing Menghi v. Hart, 745 F. Supp. 2d 89, 101 (E.D.N.Y. 2010), other courts in this district have recognized that the scope of employment is a factor determining whether the actions were under the color of state law. "Indeed the question of whether an off-duty police officer was acting within the scope of his employment is cited as a

- 3 -

factor in determining whether that person was acting under color of state law." Menghi, supra, 745 F. Supp. 2d at 101. Again, Mr. Sutton was a special patrolman and not a police officer. Unlike a police officer, special patrolmen have far more limited powers and authority in terms of their ability to make arrests, carry and handle firearms, and use force. In other words, Mr. Sutton's scope of employment mirrored the power he possessed by virtue of state law. Thus, in the circumstances of this case, the jury's finding that Mr. Sutton was acting outside the scope of his employment means Mr. Sutton was not acting under the color of state law during the encounter with plaintiffs.

Based on this analysis, it is clear that the punitive damages award should be considered only in connection with plaintiffs' state law claims, which are not entitled to attorneys' fees. Even if the Court entertained an argument by plaintiffs that the default judgment meant that they were successful on their section 1983 claims, the Court should still not grant attorneys' fees, because as the Court is aware, any award of fees is discretionary and may be denied under special circumstances. See Hines v. City of Albany, 862 f.3d 215, 219 (2d Cir. 2017). The fact that plaintiffs could not succeed on the merits of the claim would constitute such special circumstances.

In addition, for nearly a century and a half courts have endeavored to avoid inconsistent results between defaulting defendants and those who proceed on the merits. Since 1872, the rule in federal courts has been that a defaulting defendant gets the benefit of a finding against the plaintiff where the action continues against a non-defaulting defendant on the merits where there is a claim that the defendants are jointly liable. As the Supreme Court explained, "if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others." Frow v. De la vega, 82 U.S. 552,

- 4 -

554 (1872);  *cf.* Int'l Controls Corp. v. Vesco, 535 F.2d 742, 746 n.4 (2d Cir. 1976).  This rule

has been expanded to include situations where the defendants are alleged to have been jointly

and severally liable.  See Int'l Gemmological Inst., Inc. v. Rafaeil, 05 civ. 2395 (JGK) (JCF),

2005 U.S. Dist. LEXIS 19288, at *4-6 (S.D.N.Y. Aug. 17, 2005); Lawrence v. Vaman Trading

Co., 92-CV-0377 (DNE), 1993 U.S. Dist. LEXIS 7161, at *4-7 (S.D.N.Y. May 28, 1993).   In

those circumstances, courts await the adjudication on the merits of the non-defaulting defendant

to avoid inconsistent damage awards.  Since there is the clear inconsistency between an award of

attorney's fees based on federal claims that conflict with the jury's verdict, this Court has the

power to deny attorney's fees in its discretion, or significantly reduce them.

## POINT II

## THE  REQUESTED  HOURLY  RATES  ARE  UNREASONABLE

However, should the Court deem an award of fees appropriate, the requested rates

are too high.   In calculating a reasonable fee award, the Second Circuit has adopted the

"presumptively reasonable fee" approach.  See Arbor Hill Concerned Citizens Neighborhood

Ass'n v. County of Albany and Albany County Bd. of Elections, 522 F.3d 182, 190 (2d Cir.

2008).  "Although the term 'lodestar' is now disfavored by the Second Circuit, the applicable

approach still contemplates (1) a consideration of the number of hours actually spent by counsel

and other personnel that are deemed reasonably necessary to a successful outcome for the client,

and (2) the setting of reasonable hourly rates for counsel . . . ."  Imbeault v. Rick's Cabaret Int'l

Inc., No. 08 Civ. 5458, 2009 U.S. Dist. LEXIS 71562, at *1 (S.D.N.Y. Aug. 13, 2009) ("In

determining a 'reasonable' fee, the 'most useful starting point . . . is the number of hours

reasonably expended on the litigation multiplied by a reasonable hourly rate.'") (quotation

omitted). "The presumptively reasonable fee boils down to what a reasonable, paying client

would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (quotation marks and citation omitted).

In determining the reasonable hourly rates to be applied, courts should look to the market rates "'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998) (quoting Blum v. Stenson, 465 U.S. 886, 896, n.11 (1984)). In Arbor Hill, the Second Circuit instructed courts in this district, when assessing the appropriate hourly rate, to apply the twelve factors listed by the Fifth Circuit in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87, 92-93, 96 (1989). The twelve Johnson factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Arbor Hill, 493 F.3d at 117-118 (citing Johnson, 488 F.2d at 717-19); see also Rozell v. Ross-Holt, 576 F.3d 527, 536-37 (S.D.N.Y. 2008); Lavely v. Redheads, Inc., 03 Civ. 7752 (RMB)(KNF), 2007 U.S. Dist. LEXIS 77109, at *18-19 (S.D.N.Y. Oct. 12, 2007). Courts are also to apply other "case-specific variables" which may be "relevant to the reasonableness of attorney's fees." Arbor Hill, 493 F.3d at 117.

District courts are afforded considerable discretion in determining the amount of attorneys' fees in any given case. See Barfield v. New York City Health and Hosps. Corp., 537

F.3d 132, 151 (2d Cir. 2008).  The burden of proof rests with the party applying for fees "to produce evidence of the relevant market and the rate charged in that market." Hicks v. Vane Line Bunkering, Inc., 11CV8158 (KBF), 2013 U.S. Dist. LEXIS 55043 (S.D.N.Y. Apr. 16, 2013).

**A.      Plaintiffs Cannot Even Establish That They Succeeded on Their §1983 Claims**

The most critical factor courts consider when assessing a compensation rate is the degree of success obtained compared to what was sought in the litigation. Barfield v. New York City Health & Hospitals Corp., 537 F.3d 132, 152 (2d Cir. 2008) (quoting Farrar v. Hobby, 506 U.S. 103, 114, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992)). "Both the quantity and quality of relief obtained, as compared to what the plaintiff sought to achieve as evidenced in her complaint, are key factors in determining the degree of success achieved." Id.; Thomas v. City of New York, 1:09-CV-3162 (ALC), 2016 U.S. Dist. LEXIS 8960, 2016 WL 319982 (S.D.N.Y. January 25, 2016).  In Thomas, plaintiff sued nine police officers for federal and state claims for false arrest and excessive force. Id. at *19.  Plaintiff prevailed at trial only on the excessive force claim as to three of the nine officers. Id. The Court found this limited success (among other factors) warranted a reduction in the rate sought by counsel.  "The most critical factor in the Court's determination of the appropriate fee rate - the degree of success obtained compared to what the complaint sought - also supports a reduction in requested fee rates." Id.

As discussed supra plaintiffs cannot establish that they were successful on their federal claims because the jury found that Bruce Sutton was not acting within the scope of the City's business, and accordingly, he was not acting under the color of law.  Even if the Court overlooked those points and considered the punitive damages in connection with plaintiffs' federal claims, plaintiffs' award of zero dollars in compensatory damages still suggests that plaintiffs were not successful.  "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief the only reasonable fee is

- 7 -

usually no fee at all."  Farrar v. Hobby, 113 S. Ct. 566, 575 (1992) (internal citation omitted).

Here, while they attempt to focus on punitive damages, plaintiffs failed to even be awarded a

single penny in compensatory damages.  As plaintiffs did not prove an essential element of their

claims, no fee is appropriate.   To the extent any fee is awarded, it should be significantly

reduced.

For the reasons set forth below, plaintiffs' counsel's proposed hourly rates of

$450 for attorney Kahn, $400 for attorney Harvis, $400 for attorney Fett, and $350 for attorney

La Penna are not reasonable.

**B.      Kahn's Hourly Rate Should Be Set At No More Than $300/Hour**

Plaintiffs ask this Court to award Stephen Kahn a rate of $450 an hour.  In support

of their requested $450/hour rate for Mr. Kahn, plaintiffs cited Walker v. City of New York, 11-

CV-314 (CBA),  2015 WL 4568305, at *3 (E.D.N.Y. July 28, 2015), which held that $450 was

the high end of hourly rates for partners.  Notably, Mr. Kahn is not a partner at his firm, but a

senior attorney there.   Therefore using the case cited in Mr. Kahn's declaration, the relevant

hourly range is $200 - $325 per hour.  While plaintiffs attempt to justify Mr. Kahn's high rate by

arguing that he has tried more than 350 trials and has 24 years of experience, there is no

indication that Mr. Kahn had ever tried a civil rights case prior to this one.   Additionally,

plaintiffs fail to address  his lack of success in this trial.  Considering that defendant Sutton had

defaulted in this case and did not appear at trial, plaintiffs certainly expected to be awarded at

least a dollar in compensatory damages.  Since plaintiffs failed to be awarded even one dollar in

compensatory damages, the highest range of a senior associate would be inappropriate.

Rather, decisions in this district suggest that compensation at the $300 an hour

range is more appropriate. See Silva v. City of N.Y., No. 15-CV-6965 (WFK) (ST), 2017 U.S.

Dist. LEXIS 76786, at *8 (E.D.N.Y. May 18, 2017) (awarding $300 an hour to attorney with 32

years of experience in relatively straight-forward civil rights case); Anderson v. Cnty of Suffolk, 09-CV-1913 (GRB), 2016 U.S. Dist. LEXIS 48891, at *5 (finding a rate of $300 per hour for a partner with 36 years of legal experience to be reasonable); Small v. N.Y.C. Transit Auth., No. 03-CV-2139 (MDG), 2014 U.S. Dist. LEXIS 39582, 2014 WL 1236619, at *5 (E.D.N.Y. Mar. 25, 2014) ("[T]he actual hourly rate[s] that many courts have awarded partners and solo practitioners in civil rights cases have most often been in the $300 per hour range."). Therefore, to the extent the Court finds that any attorneys' fees should be award for Kahn's work, that hourly rate should not exceed $300.

**C.      Harvis' Hourly Rate Should Be Set At No More Than $300/Hour**

Plaintiffs seek $400 an hour for the work of Gabriel Harvis, who despite justifying his high rate by referencing his trial experience brought on not one, but two different attorneys to handle the trial against defendant Sutton who did not even appear in the action. While Mr. Harvis' declaration mentions being previously awarded an hourly rate of $350, those matters are easily distinguishable. Without even discussing the arguments raised in support of the $400 hourly rate, the lack of success and Harvis' need for trial counsel prevent a reasonable client from paying a higher rate than $300/hour. Accordingly, to the extent the Court deems any rate necessary, defendant City of New York suggests that such a rate not exceed $300/hour.

**D.      Fett's Hourly Rate Should Be Set At No More Than $300/Hour**

Plaintiffs seeks $400 an hour for the work of Baree Fett, whose only involvement in this matter involved appearing at four court conferences, reviewing the file, and filing two documents with the Court. Notably, the only legal support for Fett's hourly rate is a case involving the Fair Debt Collection Practices Act (FDCPA), and is not relevant to the instant litigation. Just as with the hourly rate of Kahn, nothing about the work done on this case suggests that more than $300 would be warranted. See Silva v. City of N.Y.. Therefore, to the

extent the Court finds that any attorneys' fees should be award for Fett's work, that hourly rate should not exceed $300.

**E.      La Penna's Hourly Rate Should Be Set At No More Than $200/Hour**

Plaintiffs seek compensation for Evan La Penna at the hourly rate of $350.  La Penna submitted a declaration claiming that he had billed 5.5 hours for a case, in which he all of his time was duplicative at best.  Notably, although he claimed to have billed 5.5 hours, adding up his five entries showed that it was actually only 4.6 hours.

| | | | |
|---|---|---|---|
| 9/5/2018 | *review file* | La Penna | 2 |
| 9/6/2018 | *meet with kenneth* | La Penna | 1 |
| 9/7/2018 | *prepare and file notice of appearance* | La Penna | 0.1 |
| 9/7/2018 | *to/from EDNY* | La Penna | 0.5 |
| 9/7/2018 | *final pretrial conference* | La Penna | 1 |

Furthermore, La Penna was the third attorney on behalf of plaintiffs at the final pre-trial conference and had no substantive role in the case.  Prior to appearing at the conference with Mr. Harvis and Ms. Fett, who had both previously appeared on the matter, La Penna had simply reviewed the file and spoken with one of the two plaintiffs.  After appearing at the conference, La Penna did nothing else.  Additionally, this appears to have been La Penna's only appearance in federal court.  As there is no legitimate reason that La Penna should have sought to be compensated for this case, defendant City of New York submits that a rate within the range of the junior associate cited in Kahn's declaration would be appropriate and therefore request that an hourly rate of $200 be awarded.

## POINT III

## THE AMOUNT OF HOURS EXPENDED MUST BE REDUCED

In reviewing a fee application, the district court must examine the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case. See Lunday v. City of Albany, 42 F.3d 131, 133 (2d Cir. 1994); DiFilippo v. Morizio, 759 F.2d 231, 235 (2d Cir. 1985). If any expenditure of time was unreasonable, the court should exclude these hours from the calculation. See Hensley v. Eckerhart, 461 U.S. 424, 434 (U.S. 1983); Lunday, 42 F.3d at 133. The court should thus exclude "excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999). A party seeking attorneys' fees bears the burden of supporting its claim of hours expended by accurate, detailed and contemporaneous time records. See New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983). A court has broad discretion to "trim the fat" in an application for attorneys' fees, and to eliminate excessive or duplicative hours. See, e.g., Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 173 (2d. Cir. 1988); Carey, 711 F.2d at 1146-47.

### A.      Kahn's Hours Should Be Reduced To 14.3 Hours

Plaintiffs ask the Court to compensate Mr. Kahn for 41.85 hours of work. Much of that time should be stricken. As an initial matter, Mr. Kahn's work was entirely related to the trial, which was unnecessary as defendant Sutton had defaulted in the matter. A reasonable client would not expect the inquest to have lasted more than a single day and, as such, 16 hours billed for the second and third days of the trial should be stricken. As the inquest would likely have reduced the court time from three days to one, a reasonable client would similarly expect

- 11 -

the preparation to take a third of the time.  Accordingly, the 17.35 hours billed in preparation for the trial should be reduced to only a third, which would be 5.8 hours.

In total, to the extent the Court deems it necessary to award any compensation, Mr. Kahn should be compensated at an hourly rate of $300 for 14.3 hours of work for a total of $4,290.

**B.    Harvis' Hours Should Be Reduced to 41.61 Hours**

As 42 U.S.C. §1988 only allows for the recovery of fees in connection with federal claims, Plaintiffs should not recover for any work done on their state law claims.  The below entries account for 3.25 hours and are related solely to plaintiffs' state law claims and accordingly, Mr. Harvis' hours should, in the first instance, be reduced by 3.25 hours to 117.18 hours.

| 7/23/2014 | Draft notices of claim, arrange for execution, filing | Harvis | 1 |
| 8/4/2014 | Ltrs from comptroller acknowledging claims | Harvis | 0.1 |
| 8/12/2014 | Ltrs from compt re 50h | Harvis | 0.1 |
| 8/20/2014 | Ltrs to comptroller adjourning 50h exams | Harvis | 0.1 |
| 9/3/2014 | Letters from comptroller re new 50h dates | Harvis | 0.1 |
| 9/16/2014 | re case planning | Harvis | 1 |
| 9/16/2014 | Report re 50h hearing of Kenneth Eastmond | Harvis | 0.1 |
| 9/26/2014 | ltrs from comptroller re 50h | Harvis | 0.1 |
| 10/15/2014 | ltrs from comptroller rescheduling 50h exams | Harvis | 0.1 |
| 10/20/2014 | Eastmond 50h transcript | Harvis | 0.25 |
| 10/22/2014 | *Ltr to comptroller re scheduling of Haylett 50h* | Harvis | 0.1 |
| 11/17/2014 | M. Flamm re Haylett 50h | Harvis | 0.1 |
| 12/15/2014 | *Ltr from comptroller re Haylett 50h* | Harvis | 0.1 |

As defendant Sutton defaulted in this matter, except for defendant Sutton's deposition[2], plaintiffs are not entitled to recover any time spent litigating the state law claim

---

[2] While plaintiffs should not be permitted attorneys' fees in connection with discovery, the time spent preparing for and attending Bruce Sutton's deposition, is not included in the above 27.21

against the City of New York, which notably, plaintiffs did not prevail on at trial.  The 27.21

hours billed by Harvis, detailed below, should therefore also be discounted from his total hours

billed lowering his total to 89.97 hours.

| 2/10/2015 | Voicemail to ACC | Harvis | 0.1 |
|---|---|---|---|
| 2/10/2015 | Exchange w/ACC re releases | Harvis | 0.1 |
| 2/10/2015 | w/ACC re extension request | Harvis | 0.1 |
| 2/10/2015 | ACC's letter re extension request | Harvis | 0.1 |
| 2/11/2015 | Letter from CNY enclosing subpoena for JNS records | Harvis | 0.1 |
| 2/13/2015 | Order granting City EXA | Harvis | 0.1 |
| 4/17/2015 | Order scheduling initial conference Court's practices. | Harvis | 0.2 |
| 4/27/2015 | CNY motion to stay | Harvis | 0.1 |
| 4/29/2015 | Order granting stay through 6-30-15 | Harvis | 0.1 |
| 6/30/2015 | Call w ACC re status | Harvis | 0.2 |
| 6/30/2015 | CNY status report | Harvis | 0.1 |
| 7/1/2015 | Order re defs' status report | Harvis | 0.1 |
| 7/23/2015 | K. Eastmond re status, strategy | Harvis | 0.33 |
| 8/31/2015 | Status report from CNY | Harvis | 0.1 |
| 8/31/2015 | Exchange w ACC re status, settlement | Harvis | 0.2 |
| 9/1/2001 | Order re defs' status report | Harvis | 0.1 |
| 9/16/2015 | Email from City providing authority, Wood v. NY State | Harvis | 0.1 |
| 9/22/2015 | Wood v. State of NY, 119 A.D.3d 672 | Harvis | 0.2 |
| 9/22/2015 | ACC re Wood case | Harvis | 0.1 |
| 9/24/2015 | Gonzalez v. NYC, 30383/08 | Harvis | 0.2 |
| 9/24/2015 | ACC re providing authority on scope of employment | Harvis | 0.1 |
| 10/29/2015 | CNY status report and request to lift stay | Harvis | 0.1 |
| 11/5/2015 | Order lifting stay | Harvis | 0.1 |
| 11/19/2015 | Answer by CNY | Harvis | 0.2 |
| 11/20/2015 | Scheduling order, PK individual rules | Harvis | 0.2 |
| 12/10/2015 | *Draft initial disclosures and first set of discovery demands* | Harvis | 1.33 |
| 12/10/2015 | *Attend conference and travel to/from* | Harvis | 1.67 |
| 12/10/2015 | *Prep for initial conference* | Harvis | 0.4 |
| 12/11/2015 | Minute entry re initial conference | Harvis | 0.1 |
| 1/22/2016 | k eastmond re case planning | Harvis | 0.32 |
| 2/1/2016 | Email from ACC re status of investigation | Harvis | 0.1 |
| 2/3/2016 | *To ACC re status of stay* | Harvis | 0.1 |

hours as the Court's Order, dated October 13, 2016, indicated that such fees would be
permissible.

| | | | |
|---|---|---|---|
| 2/5/2016 | *Exchange w ACC re need for initial conference* | Harvis | 0.1 |
| 2/5/2016 | *Status report from CNY* | Harvis | 0.1 |
| 2/8/2016 | *Order lifting stay* | Harvis | 0.1 |
| 2/8/2016 | *Scheduling order* | Harvis | 0.1 |
| 2/8/2016 | *Exchange w ACC re scheduling conflict* | Harvis | 0.1 |
| 2/17/2016 | *w ACC re call* | Harvis | 0.1 |
| 2/17/2016 | *ACC re status* | Harvis | 0.2 |
| 2/17/2016 | *K. Eastmond re settlement, discovery, strategy* | Harvis | 0.2 |
| 2/23/2016 | *Motion to adjourn by CNY* | Harvis | 0.1 |
| 2/24/2016 | *Order granting adjournment request* | Harvis | 0.1 |
| 3/2/2016 | *Finalize initial disclosure and discovery demands* | Harvis | 0.25 |
| 3/2/2016 | *to ACC re enclosing initial disclosures* | Harvis | 0.75 |
| 3/2/2016 | *to ACC re enclosing initial disclosures* | Harvis | 0.1 |
| 3/25/2016 | *Pre-trail order; scheduling order* | Harvis | 0.1 |
| 3/28/2016 | *Draft pre-conference questionnaire* | Harvis | 0.25 |
| 3/28/2016 | *Discussion w ACC re initial conference* | Harvis | 0.3 |
| 3/28/2016 | *Voicemail for ACC* | Harvis | 0.1 |
| 3/28/2016 | *ACC re discovery* | Harvis | 0.3 |
| 3/29/2016 | *City's initial disclosures* | Harvis | 0.25 |
| 3/29/2016 | *Video surveillance* | Harvis | 0.5 |
| 3/29/2016 | *Def1-220* | Harvis | 1.3 |
| 3/30/2016 | *City's proposed confidentiality stipulation, propose edits* | Harvis | 0.42 |
| 3/31/2016 | *Initial scheduling order* | Harvis | 0.1 |
| 4/1/2016 | *Exchange w/ACC re confidentiality* | Harvis | 0.2 |
| 4/4/2016 | *K. Eastmond re discovery* | Harvis | 0.2 |
| 4/8/2016 | *ACC re confidentiality stipulation* | Harvis | 0.2 |
| 4/10/2016 | *Sign and finalize confidentiality stipulation* | Harvis | 0.1 |
| 4/13/2016 | *CNY ltr to PK re enclosing confidentiality stip* | Harvis | 0.1 |
| 4/13/2016 | *Review confidential def221-422* | Harvis | 2.25 |
| 5/9/2016 | *Endorsed confidentiality stip* | Harvis | 0.1 |
| 5/11/2016 | *Draft and file status report* | Harvis | 0.42 |
| 5/11/2016 | *Exchange w ACC re status report* | Harvis | 0.1 |
| 5/13/2016 | *Prepare for and attend status conference* | Harvis | 1.33 |
| 5/16/2016 | *Scope of employment and § 1983* | Harvis | 0.75 |
| 5/16/2016 | *K. Eastmond re case status* | Harvis | 0.42 |
| 5/25/2016 | *Send discovery demands to ACC* | Harvis | 0.1 |
| 6/1/2016 | *w ACC re status* | Harvis | 0.2 |
| 6/1/2016 | *Send draft status report to ACC* | Harvis | 0.2 |
| 6/2/2016 | *Confer w def counsel re joint letter* | Harvis | 0.25 |
| 6/2/2016 | *finalize joint status letter to PK* | Harvis | 0.4 |
| 6/6/2016 | 15-cv-223 (WFK)(PK) | Harvis | 0.1 |

| | | | |
|---|---|---|---|
| 6/6/2016 | *ACC re settlement* | Harvis | 0.1 |
| 7/7/2016 | *Attend tel conference* | Harvis | 0.5 |
| 7/14/2016 | *ACC re-discovery* | Harvis | 0.1 |
| 7/20/2016 | *ACC re discovery* | Harvis | 0.1 |
| 7/26/2016 | *ACC re discovery* | Harvis | 0.1 |
| 7/27/2016 | *ACC re discovery* | Harvis | 0.1 |
| 7/28/2016 | *ACC re discovery* | Harvis | 0.2 |
| 7/29/2016 | *ACC re discovery* | Harvis | 0.1 |
| 8/2/2016 | *ACC re deposing settlement* | Harvis | 0.1 |
| 8/4/2016 | *Exchange w ACC* | Harvis | 0.2 |
| 8/8/2016 | *ACC re discovery* | Harvis | 0.1 |
| 8/9/2016 | *Draft file motion to compel discovery* | Harvis | 0.75 |
| 8/9/2016 | *Scheduling Order* | Harvis | 0.5 |
| 8/9/2016 | *Scheduling Order* | Harvis | 0.1 |
| 8/12/2016 | *Defs' response re mtn to compel* | Harvis | 0.1 |
| 8/12/2016 | *UF49 D422-23* | Harvis | 0.2 |
| 8/15/2016 | *911 Calls* | Harvis | 0.33 |
| 8/16/2016 | *911 messages* | Harvis | 0.25 |
| 8/16/2016 | *Def423-446* | Harvis | 0.42 |
| 8/16/2016 | *Prepare for and attend telephone conference* | Harvis | 0.67 |
| 8/18/2016 | *Minute entry re 8-16-16 conference* | Harvis | 0.1 |
| 8/27/2016 | *K. Eastmond to trial prep* | Harvis | 0.33 |
| 9/14/2016 | *City's status report* | Harvis | 0.1 |
| 9/14/2016 | *Exchange w City re certification that discovery is complete* | Harvis | 0.3 |
| 9/26/2016 | *Draft request for extension of deposition deadline* | Harvis | 0.2 |
| 9/28/2016 | *Order extending deposition deadline* | Harvis | 0.1 |
| 3/22/2018 | *ACC re discovery* | Harvis | 0.2 |
| 3/26/2018 | *ACC re discovery* | Harvis | 0.1 |
| 3/28/2018 | *ACC re discovery* | Harvis | 0.1 |
| 3/29/2018 | *ACC re discovery* | Harvis | 0.1 |
| 4/9/2018 | *ACC re discovery* | Harvis | 0.1 |
| 4/10/2018 | *ACC re discovery* | Harvis | 0.1 |

As defendant Sutton's federal claims were not the subject of either of defendant City of New York's motions, Mr. Harvis should not be permitted to bill for any of the time spent on those activities. Accordingly, the following 25.83 hours should also be discounted from the total time billed by Mr. Harvis, bringing them down to 64.14 hours:

| 10/21/2016 | Scheduling order | Harvis | 0.1 |
|---|---|---|---|
| 11/10/2016 | Defs' premotion application | Harvis | 0.2 |
| 11/10/2016 | Order scheduling pre-motion conference | Harvis | 0.1 |
| 11/15/2016 | Exchange w ACC re adjourning response deadline | Harvis | 0.1 |
| 11/16/2016 | Re opp to MTD pre-motion app | Harvis | 3.5 |
| 11/16/2016 | Draft opp to ds' pre-motion app | Harvis | 2.75 |
| 11/17/2016 | To ACC re opp | Harvis | 0.1 |
| 1/4/2017 | Re video choppiness | Harvis | 0.2 |
| 1/5/2017 | Exchange w ACC re uploading video | Harvis | 0.1 |
| 1/5/2017 | Prepare for pre-motion conference | Harvis | 1.75 |
| 1/5/2017 | Attend, travel to/from pre-motion conference | Harvis | 1.58 |
| 1/5/2017 | Re requesting conference transcript | Harvis | 0.2 |
| 1/9/2017 | ACC re video | Harvis | 0.1 |
| 1/13/2017 | ACC re video | Harvis | 0.1 |
| 1/17/2017 | ACC re video | Harvis | 0.1 |
| 1/25/2017 | Exchange re video, motion | Harvis | 0.2 |
| 2/3/2017 | Motion papers, 56.1, declaration, exhibits re City motion for SJ | Harvis | 1.75 |
| 2/3/2017 | From City correcting error w motion exhibits | Harvis | 0.1 |
| 2/6/2017 | May 20, 2016 conference transcript | Harvis | 0.2 |
| 2/6/2017 | Re opp to motion for summary judgment | Harvis | 0.25 |
| 2/27/2017 | ACC re video | Harvis | 0.2 |
| 2/28/2017 | ACC re video | Harvis | 0.2 |
| 3/1/2017 | Exchange re settlement | Harvis | 0.1 |
| 3/5/2017 | Draft plaintiffs' opp to defs' motion for summary judgment, 56.1 opp | Harvis | 3.67 |
| 3/10/2017 | Finalize and file plaintiff's opposition motion papers | Harvis | 2.58 |
| 3/11/2017 | Final draft opp, send to adversary | Harvis | 1.77 |
| 4/13/2017 | Exchange w/ ACC re motion, stip of wdrawal | Harvis | 0.2 |
| 4/14/2017 | Draft stip of wdrawal re John Doe defendants | Harvis | 0.2 |
| 4/14/2017 | Defs' application to extend reply deadline | Harvis | 0.1 |
| 4/14/2017 | w ACC re reply extension, discovery | Harvis | 0.2 |
| 4/17/2017 | ECF filings re motion | Harvis | 0.1 |
| 4/18/2017 | ACC re stip of wdrawal | Harvis | 0.1 |
| 4/19/2017 | ACC re stip | Harvis | 0.1 |
| 4/20/2017 | Executed stipulation | Harvis | 0.1 |
| 5/12/2017 | Endorsed withdrawal stipulation | Harvis | 0.1 |
| 6/19/2017 | Y. Haylett re status | Harvis | 0.33 |
| 6/19/2017 | Y. Haylett re status | Harvis | 0.25 |
| 12/6/2017 | Notice of appearance by ACC ZIMMERMAN | Harvis | 0.1 |
| 12/6/2017 | Exchange w ACC | Harvis | 0.1 |
| 12/18/2017 | Order denying summary judgment | Harvis | 0.2 |

| 1/2/2018 | *Defs' notice of motion, motion for reconsideration* | Harvis | 0.3 |
|---|---|---|---|
| 1/3/2018 | *Re draft opp to defs' mtn for reconsideration* | Harvis | 1.25 |
| 1/3/2018 | *Order denying motion for reconsideration* | Harvis | 0.1 |

As defendant Sutton defaulted, a trial was not necessary to prevail. A reasonable client would not have paid an attorney to prepare for a trial when all that was required was a simple inquest. Notably, despite Mr. Harvis billing 22.53 hours preparing for trial against the City of New York, the jury found that plaintiffs were entitled to zero dollars in compensatory damages. Mr. Harvis even billed .2 hours for JNS records which were not even used during the trial. Furthermore, the following entries relate to drafting trial documents, preparing for the trial with the City and court conferences with the City, and thus are related to the litigation against the City, not Sutton. Accordingly, this time should also not be counted and Mr. Harvis' hours should be further reduced to 41.61 hours.

| 7/22/2014 | *Request to client records from JNS counseling* | Harvis | 0.1 |
|---|---|---|---|
| 7/22/2014 | Records from JNS | Harvis | 0.1 |
| 1/5/2018 | *Order scheduling pre-trial conference* | Harvis | 0.1 |
| 1/5/2018 | *Re adjournment of pre-trial conference* | Harvis | 0.1 |
| 1/6/2018 | *Letter requesting adjournment by City* | Harvis | 0.1 |
| 1/6/2018 | *order granting adjournment* | Harvis | 0.1 |
| 1/6/2018 | *Exchange w ACC re scheduling, settlement* | Harvis | 0.1 |
| 1/8/2018 | *Exchange w ACC re settlement* | Harvis | 0.2 |
| 1/11/2018 | *Order adjourning conference* | Harvis | 0.1 |
| 1/25/2018 | *W ACC re law journal article* | Harvis | 0.67 |
| 1/25/2018 | *ACC re article* | Harvis | 0.1 |
| 1/26/2018 | *Re pre-trial conference* | Harvis | 1 |
| 1/26/2018 | *Attend pre-trial conference and travel to/from* | Harvis | 1.5 |
| 1/26/2018 | *Exchange w ACC re Balanta v. Stanline Taxi* | Harvis | 0.2 |
| 2/21/2018 | *Minute entry re 1-26-18 conference* | Harvis | 0.1 |
| 3/12/2018 | *Re settlement, scope of employment, color of law* | Harvis | 1.38 |
| 3/12/2018 | *ACC re scheduling call* | Harvis | 0.1 |
| 3/21/2018 | *January 26, 2018 conference transcript* | Harvis | 0.2 |
| 4/16/2018 | *Order rescheduling trial* | Harvis | 0.1 |
| 4/16/2018 | *ACC re dates for trial* | Harvis | 0.1 |
| 4/26/2018 | *ACC re dates for trial* | Harvis | 0.2 |
| 5/10/2018 | *ACC re trial* | Harvis | 0.1 |

| 5/31/2001 | *ACC re trial* | Harvis | 0.1 |
|---|---|---|---|
| 6/6/2018 | *ACC re trial, settlement* | Harvis | 0.3 |
| 6/6/2018 | *File letter seeking adjournment of trial* | Harvis | 0.2 |
| 6/6/2018 | *ACC re trial date* | Harvis | 0.1 |
| 6/13/2018 | *Order rescheduling trial* | Harvis | 0.1 |
| 6/20/2018 | *Order rescheduling trial* | Harvis | 0.1 |
| 6/28/2018 | *From new ACC re reassignment* | Harvis | 0.1 |
| 6/29/2018 | *ACC notice of appearance* | Harvis | 0.1 |
| 8/15/2018 | *re preparation of JPTO* | Harvis | 2.42 |
| 8/15/2018 | *Draft JPTO* | Harvis | 2 |
| 8/22/2018 | *Review/update JPTO* | Harvis | 1.75 |
| 8/29/2018 | *Update JPTO* | Harvis | 0.5 |
| 8/31/2018 | *JPTO final draft* | Harvis | 0.33 |
| 8/31/2018 | *To ACC re medical releases* | Harvis | 0.1 |
| 9/4/2018 | *Order scheduling pre-trial conference* | Harvis | 0.1 |
| 9/7/2018 | *Lax Notice of Appearance* | Harvis | 0.1 |
| 9/10/2018 | *Order endorsing JPTO* | Harvis | 0.1 |
| 9/12/2018 | *Patent jury instructions, draft proposal* | Harvis | 1 |
| 9/13/2018 | *Attend final pre-trial conference* | Harvis | 1 |
| 9/13/2018 | *Prep for final pre-trial conference* | Harvis | 1.25 |
| 9/17/2018 | *Defs' ltr re amendment of caption* | Harvis | 0.1 |
| 9/17/2018 | *Defs' submissions* | Harvis | 0.3 |
| 9/18/2018 | *911 calls* | Harvis | 1 |
| 9/18/2018 | *Prepare courtesy copies, draft cover letter submitting* | Harvis | 1 |
| 9/19/2018 | *Order adjourning trial* | Harvis | 0.1 |
| 9/21/2018 | *Order amending caption* | Harvis | 0.1 |
| 9/21/2018 | *Defs' opp to P's motions in limine* | Harvis | 0.1 |
| 9/24/2018 | *Review defs' opp to plaintiff's motions in limine, defs' motions in limine* | Harvis | 0.43 |
| 9/24/2018 | *Prepare plaintiffs' opp to CNY motions in limine* | Harvis | 0.5 |
| 9/25/2018 | *Defs' ltr re early jury selection* | Harvis | 0.1 |
| 9/26/2018 | *Minute entry re pre-trial conference* | Harvis | 0.1 |
| 9/28/2018 | *Defs' motion to compel witness list and document list* | Harvis | 0.1 |
| 9/28/2018 | *Order denying defs' application* | Harvis | 0.1 |

In total, assuming the Court deems any compensation appropriate, Mr. Harvis should be compensated at most for 41.61 hours of work at $300/hour for a total of $12,483.

**C.      Fett's Hours Should be Reduced to 1.9 Hours**

Ms. Fett bills a total of 5.65 hours.  However, Ms. Fett billed 1.25 hours in connection with attending the Initial Conference on March 29, 2016 in this case.  As defendant Sutton was never appeared in this action and the Initial Conference only involved defendant City of New York, none of this time is attributable to litigating the federal claims involving defendant Sutton and should be disregarded.  Additionally, Ms. Fett billed another 2.5 hours in connection with attending court conferences with Mr. Harvis on January 26, 2018 and September 7, 2018.  A plaintiff should not recover fees for a duplication of effort.  See Luciano v. Olsten Corp., 109 F.3d 111, 111 (2d Cir. 1997).  No reasonable client would pay an attorney to appear at court conference even though she was not trying the case or doing any substantive work on the matter.  Therefore, to the extent the Court deems it necessary to award any fees, Ms. Fett should be compensated for only 1.9 hours of work at no more than $300/hour for a total of $570.

**D.      La Penna's Hours Should Be Reduced to 0 Hours**

Plaintiffs seek compensation for La Penna's time on this case even though his only involvement was preparing for and attending the final pre-trial conference with two other attorneys.  As no reasonable paying client would hire an attorney, who had never appeared in federal court before to third seat a single court conference and have no other involvement in the case, La Penna should not be compensated in connection with this matter.

**E.      Plaintiffs Costs Are Excessive And Not Related To Defendant Sutton's Federal Claims**

Lastly, the costs sought by plaintiffs are neither justified by the attached exhibits, nor explained.  Not counting the $140 in service fees on the City of New York, defendant City tallies the costs to be $1,383.28.  As plaintiffs have not justified any costs beyond the $1,383.28, defendant City submits that plaintiffs costs should be reduced from $1,934.28 to $1,383.28.

- 19 -

## CONCLUSION

Based on the arguments set forth herein, Defendant City of New York respectfully request that the Court deny plaintiff's motion for attorneys' fees and costs and at most award plaintiff's attorneys' fees in the amount of $17,343.00[3] and their costs in the amount of $1,383.28 for a total of $18,726.28, and for such other and further relief as the Court deems just and proper.

Dated:       New York, New York
             December 4, 2018

                              ZACHARY W. CARTER
                              Corporation Counsel of the City of New York
                              Attorney for Defendant City of New York
                              100 Church Street
                              New York, New York 10007
                              (212) 356-2651

                              By:      /s/
                                       Evan Brustein
                                       *Senior Counsel*
                                       Special Federal Litigation

cc:    Gabriel Harvis, Esq. (by ECF)
       Stephen Kahn, Esq. (by ECF)
       Baree Fett, Esq. (by ECF)
       Evan La Penna, Esq. (by ECF)

---

[3] (14.3 hours x $300 for Kahn's work) + 41.61 hours x $300 for Harvis' work) + (1.9 hours x $300 for Fett's work) + (0 hours x $200 for La Penna's work) = $17,343.