UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
YOLMA HAYLETT and KENNETH :
EASTMOND, :
:
                      Plaintiffs, : **REPORT AND**
: **RECOMMENDATION**
                -against- : 15-CV-223 (WKF)(PK)
:
BRUCE SUTTON and CITY OF NEW YORK, :
:
                      Defendants. :
:
---------------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

       Plaintiffs Yolma Haylett and Kenneth Eastmond (collectively, "Plaintiffs") brought this action against Bruce Sutton and the City of New York ("the City" and, collectively with Sutton, "Defendants"), pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of their rights under the Fourth and Fourteenth Amendments of the United States Constitution, along with other claims under state law. (Compl., Dkt. 1.) The Honorable William F. Kuntz has referred Plaintiffs' Motion for Attorneys' Fees and Costs (the "Motion") to the undersigned for a report and recommendation. (*See* Motion for Attys.' Fees ("Motion"), Dkt. 94; Nov. 29, 2018 Order, Dkt. 100.) For the reasons stated herein, the undersigned recommends that the Motion be granted and that Plaintiffs be awarded **$25,978.50** in attorneys' fees and **$1,934.28** in costs, for a total of **$27,912.78** from Defendant Sutton only.

## BACKGROUND

       On January 15, 2015, Plaintiffs filed the Complaint alleging that Sutton, a Correction Officer for the City's Department of Correction, "appearing to suffer from 'road rage,'" illegally pursued and detained Plaintiffs. (Compl.; *see also* Mem. of Law at 1, Dkt. 95.) The City filed an Answer on November 19, 2015. (Answ., Dkt. 13.) Sutton, who is not represented by the City, failed to appear

1

and, upon Plaintiffs' request, the Clerk of Court entered a certificate of default against him (Dkts. 21, 23-24).

On May 9, 2016, Plaintiffs filed a Motion for Default Judgment against Sutton. (Mot. for Default Judgment, Dkt. 25; *see also* Dkts. 32, 35, 39.) After multiple procedural events, on January 26, 2017, Judge Kuntz granted Plaintiffs' Motion for Default Judgment as to Sutton "on the issue of liability." (Feb. 1, 2017 Order, Dkt. 42; *see also* Jan. 26. 2017 Order.)

A jury trial regarding the City's liability and Defendants' damages was held from October 2 to October 4, 2018. (*See* Oct. 2, 2018 Min. Entry; Oct. 4, 2018 Min. Entry.) The jury "rendered a unanimous verdict in favor of defendant City of New York." (Oct 4, 2018 Min. Entry; *see also* Oct.4, 2018 Jury Verdict Sheet, Dkt. 92.) It also found that Plaintiffs are entitled to punitive damages from Sutton in the amount of $3,500 each. (*Id.*)

On November 7, 2018, the Clerk of Court entered a judgment according to which Plaintiffs "recover nothing, [and] the action [is] dismissed on the merits against Defendant The City of New York." (Nov. 7, 2018 Judgment, Dkt. 93.) It also stated that "judgment is entered in favor of Plaintiff Yolma Haylett against Defendant Bruce Sutton in the amount of $3,500.00, plus post judgment interest pursuant to 28 U.S.C. § 1961," and "judgment is entered in favor of Plaintiff Kenneth Eastmond against Defendant Bruce Sutton in the amount of $3,500.00, plus post judgment interest pursuant to 28 U.S.C. § 1961." (*Id.*)

On November 20, 2018, Plaintiffs filed the Motion, seeking an award of $73,123.78 in attorneys' fees and costs.[1] (Motion; *see also* Mem. of Law)

---

[1] The City filed an opposition to the Motion (Dkt. 101), to which Plaintiffs responded (Dkt. 102). The City argues that Plaintiffs are not entitled to attorneys' fees because they are not a prevailing party and that, if fees were to be awarded here, significant reductions in the hourly rates must be made. (*See* Dkt. 101.) However, the City does not represent Sutton, and Plaintiffs do not seek fees from the City. (Dkt. 102 at 2.) Accordingly, the City has no standing to object to the Motion. *See, e.g., Farrell v. Burke*, 449 F.3d 470, 494 (2d Cir.2006) ("Federal courts as a general rule allow litigants to assert only their own legal rights and interests, and not the legal rights and interests of third parties"). The City seems to acknowledge this (Dkt. 101 at note

2

## DISCUSSION

I. **Prevailing Party**

Pursuant to 42 U.S.C. § 1988, a district court has discretion in a § 1983 action to award to a "prevailing party…a reasonable attorney's fee…" 42 U.S.C. § 1988. By granting Plaintiffs' Motion for Default Judgment as to Sutton "on the issue of liability," Judge Kuntz effectively found that Sutton is liable on all the claims against him in the Complaint, *i.e.*, a § 1983 violation based on unlawful stop and search, a § 1983 violation based on false arrest, and the state law claims of false imprisonment and false arrest, assault and battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and deliberate indifference to safety. (Feb. 1, 2017 Order, Dkt. 42; *see also* Jan. 26. 2017 Order.) The undersigned notes that the jury verdict sheet finding that Sutton was not acting within the scope of the City's business and the scope of his authority does not automatically negate the § 1983 claims, which require only that the defendant act "under color of law." *See, e.g., Pitchell v. Callan,* 13 F.3d 545, 548 (2d Cir. 1994) ("liability may be found where a police officer, albeit off-duty, nonetheless invokes the real or apparent power of the police department.") Therefore, liability as to Sutton on the § 1983 claims was established as of January 26, 2017.

Obtaining a default judgment is generally sufficient under §1988 for a Plaintiff to be considered "a prevailing party eligible to recover attorney's fees and costs." *Shariff v. Alsaydi*, No. 11-CV-6377, 2013 WL 4432218 at *4 (E.D.N.Y. Aug. 15, 2013). In addition, the jury here also awarded a total of $7,000 to the Plaintiffs for punitive damages against Sutton.

---

1), arguing in the alternative that its opposition be considered an amicus brief (*id.*). The Court finds that the City's participation in the adjudication of the Motion does not benefit or assist the Court in any significant way. *See, e.g., United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. Jan. 9, 1991) (it is at the Court's discretion to determine whether an amicus is permitted to participate). Accordingly, the City's brief will not be considered, either as a party brief or amicus brief.

Accordingly, the undersigned finds that Plaintiffs are prevailing parties entitled to reasonable attorney's fees under 42 U.S.C. § 1988.

## II. Attorneys' Fees

The attorneys' fees and costs awarded to Plaintiffs by the Court must be "reasonable." *See Riley v. Cty. of N.Y*, No. 10-CV-2513 (MKB), 2015 WL 9592518, at *1 (E.D.N.Y. Dec. 31, 2015). "[T]he lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citations omitted); *see also Scharff v. Cty. of Nassau*, No. 10-CV-4208 (DRH) (GRB), 2016 WL 3166848, at *3 (E.D.N.Y. May 20, 2016), *R&R adopted*, 2016 WL 3172798 (E.D.N.Y. June 6, 2016); *Riley*, 2015 WL 9592518, at *1. To calculate the lodestar, the Court determines a reasonable hourly rate and a reasonable number of hours. "District courts have broad discretion to determine both the reasonable number of compensable hours and the reasonable hourly rate." *Brady v. Wal-Mart Stores, Inc.*, 455 F. Supp. 2d 157, 203 (E.D.N.Y. 2006). The party applying for fees must provide contemporaneous time sheets to document counsel's work, and must support the hourly rates it claims with, for example, evidence of counsel's expertise and prevailing market rates. *See Riley*, 2015 WL 9592518, at *2.

Here, Plaintiffs have supplied contemporaneous timesheets and a summary of counsel's qualifications. (*See* Kahn Decl., Dkt. 96; Harvis Decl., Dkt. 97; Fett Decl., Dkt. 98; La Penna Decl., Dkt. 99.) The Court reviews the requested fees for reasonableness. *See Riley*, 2015 WL 9592518, at *1.

### A. Hourly Rate

To determine a reasonable hourly rate, the district court considers "rates prevailing in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation." *Cruz v. Local Union No. 3 of IBEW*, 34 F.3d 1148, 1159 (2d Cir. 1994). The "community" is generally

4

the district in which the reviewing court sits. *Scharff*, 2016 WL 3166848, at *4. A reasonable hourly rate is "the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008).

The district court must "bear in mind *all* of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Id.* (emphasis in the original). Those factors include "the attorney's experience and expertise, the novelty and complexity of the issues presented, and the overall success achieved in the case." *Brady*, 455 F. Supp. 2d at 204; *see also Chen v. Cty. of Suffolk*, 927 F. Supp. 2d 58, 71 (E.D.N.Y. 2013).

"Recent opinions issued by courts within the Eastern District of New York have found reasonable hourly rates to be approximately $300–$450 for partners, $200–$325 for senior associates, and $100–$200 for junior associates." *Sass v. MTA Bus Co.*, 6 F. Supp. 3d 238, 261 (E.D.N.Y. 2014) (internal quotation marks and citations omitted). The rates for paralegals in the Eastern District range from $60 to $100 an hour. *See Mahoney v. Amekk Corp.*, No. 14-CV-4131 (ENV) (VMS), 2016 WL 6585810, at *19-20 (E.D.N.Y. Sept. 30, 2016) (internal quotation marks and citations omitted).

Plaintiffs were represented in this action by Stephen B. Kahn, Gabriel P. Harvis, Baree N. Fett, and Evan M. La Penna, all of whom work at Elefterakis, Elefterakis & Panek ("EEP"), a New York firm with a civil rights practice group that represents plaintiffs in Section 1983 actions. (*See* Mem. of Law at 9; Harvis Decl. ¶ 22.)

Kahn requests an hourly rate of $450. (Khan Decl. ¶ 7.) He is a senior trial counsel at EEP (*id.* ¶ 5) and was admitted to practice law in New York in 1984 (*id.* ¶ 2). Kahn has tried more than 150 jury trials and 300 bench trials and has argued "numerous" appeals in the New York Appellate

5

Division. (*Id.* at ¶ 4.) Given Khan's significant trial experience and expertise, and in light of the fact that he was admitted to practice more than 20 years ago, the undersigned recommends a finding that a rate of $450 per hour is reasonable.

Harvis requests an hourly rate of $400. (Harvis Decl. ¶ 24). He is a partner at EEP and has practiced law since 2006, focusing on civil rights litigation. (*Id.* ¶¶ 2, 5-23.) He is also the co-chair of EEP's Civil Rights Division. (*Id.* ¶ 22.) Because Harvis' hourly rate falls within the range for partners in this District, and given his expertise in civil rights litigation, the undersigned recommends a finding that a rate of $400 per hour is reasonable.

Fett requests an hourly rate of $400. (Fett Decl. ¶ 16.) She is a partner at EEP and was admitted to practice law in Arizona in 1997 and New York in 1999. (*Id.* ¶ 3.) Her work has focused on litigation, primarily in civil rights matters, as well as false arrest, malicious prosecution, and excessive force cases. (*Id.* ¶¶ 5-14.) Because Fett's hourly rate falls within the range for partners in this District, and given her expertise in civil rights litigation, the undersigned recommends a finding that a rate of $400 per hour is reasonable.

La Penna requests an hourly rate of $350. (La Penna Decl. ¶ 9.) He works as a "member of [EEP's] trial team" (*id.* ¶ 7) and has practiced law since 2007, focusing on trial work in areas such as personal injury litigation, and property damages (*id.* ¶ 2-6). He started working in civil rights litigation when he joined EEP in December of 2016 and mentions that he has "tried to verdict, or settled before verdict" around five cases. (*Id.* ¶ 4-7.) La Penna's requested hourly rate falls outside the range for associates in this District. (*Id.*) Accordingly, the undersigned recommends reducing La Penna's hourly rate to $300.

### B. Hours Billed

"[T]he district court should exclude excessive, redundant or otherwise unnecessary hours. . . ." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). "[T]he Court's goal is to conduct a

6

meaningful review of the hours claimed" by each attorney. *Riley*, 2015 WL 9592518, at *3. District courts may reduce the lodestar amount when the plaintiffs, though prevailing parties, achieve only limited success in the litigation. *See Hensley v. Eckerhart*, 461 U.S 424, 436 (1983) (when "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount"). After an initial lodestar calculation is made, the court may then consider whether a downward adjustment is warranted by a factor as to the extent of success in the litigation. *See Hensley*, 461 U.S. at 434 & n. 9; *see, e.g., Hine v. Mineta*, 253 F.Supp.2d 464, 467 (E.D.N.Y. Mar. 28, 2003) (reducing the attorneys' fees by 60% since that there was a "lack of success on two of the three causes of action" and the jury awarded no damages for emotional distress and back pay.); *Cioffi v. New York Cmty. Bank*, 465 F. Supp. 2d 202, 221 (E.D.N.Y. Dec. 18, 2006) (reducing attorneys' fees by 15% because of a dismissed claim at the end of the plaintiff's case and the failure to obtain any emotional distress damages.).

Here, Plaintiffs' contemporaneous time records show the following hours: 41.85 for Kahn's services (Kahn Decl., Ex. 1 at 1, Dkt. 96-1); 120.43 for Harvis' services (Harvis Decl., Ex. 1 at 25, Dkt. 87-1); 5.65 for Fett's services (Fett Decl., Ex. 1 at 2, Dkt. 98-1); and 5.5 for La Penna's services (La Penna Decl., Ex. 1 at 1, Dkt. 99-1). The undersigned recommends that the amount of hours requested by counsel be reduced to reflect the proportion of the work attributable to Sutton's liability and damages.

Judge Kuntz entered a default judgment as to Sutton's liability on January 26, 2017. (*See* Jan. 26, 2017 Order; *see also* Dkt. 42.) After that date, the only work left to be done with regard to Sutton was to establish the amount of damages. While damages pursuant to a default judgment could be determined through an inquest, here the jury was asked to determine the amount of compensatory and punitive damages Sutton should pay, after a trial. The undersigned recommends reductions in hours to exclude the work that related only to the City, against whom Plaintiffs were not a prevailing

7

party. Accordingly, for the period before January 26, 2017, the undersigned recommends that Plaintiffs be awarded 50% of the fees requested, to reflect the work done to establish Sutton's liability (as opposed to the City's liability). After January 26, 2017, work related to the City's Summary Judgment Motion is excluded, because it did not impact the case regarding Sutton. For the remainder of the work between January 26, 2017 and November 7, 2018, the date judgment was entered after trial, the undersigned recommends that Plaintiffs be awarded 30% of the requested fees. This reflects the proportion of the trial and trial preparation attributable to establishing damages against Sutton (apart from the case against the City) and also accounts for the fact that the jury declined to award any compensatory damages against Sutton.

The following chart reflects these reductions:

| Attorney | Hours | | | | | Total Hours After Reductions | Hourly Rate | Award |
|---|---|---|---|---|---|---|---|---|
| | Before 1/26/2017 | | After 1/26/2017 | | | | | |
| | Billed Hours | 50% of Billed Hours | Billed Hours | Billed Hours for Summary Judgment Work | 30 % of Billed Hours for Non-Summary Judgment Work | | | |
| Kahn | None | ----- | 41.85[2] | None | 12.55 | 12.55 | $450 | $5,647.50 |
| Harvis | 74.22 | 37.11 | 46.21 | 12.37 | 10.15 | 47.26 | $400 | $18,904 |
| Fett | 3.15 | 1.58 | 2.50 | None | .75 | 2.33 | $400 | $932 |
| La Penna | None | ----- | 5.5 | None | 1.65 | 1.65 | $300 | $495 |
| Total | | | | | | | | $25,978.50 |

*C. Costs*

Plaintiffs also seek $1,934.28 in costs[3] for service of process, filing fee, court reporter fees,

---

[2] The billing record shows .10 hours on "9/28/2015" for "Notice of Appearance," but because Kahn's Notice of Appearance was filed on September 28, 2018, the undersigned assumes that to be the correct date.

[3] According to the itemized list of costs and supporting documents, Plaintiffs request $1,934.28 in costs. Harvis Decl., Ex. 2, Dkt. 97-2.) However, the Motion indicates that they request $1,925 in costs. (Motion at 11.) The undersigned uses the amount requested in the itemized list, which is supported by documentation. (Harvis Decl., Ex. 2.)

8

service of deposition subpoenas, transcripts, and delivery of courtesy copies to the Court. (Harvis Decl., Ex. 2, Dkt. 97-2.) Counsel provided an itemized list of those costs and supporting documentation, totaling $1,934.28. (*Id.*) Some of these costs were already approved by the Court on October 13, 2016, when the undersigned granted Plaintiffs' Motion for Sanctions against Sutton for failure to appear to be deposed.[4] (Oct. 13, 2016 Order.)

Accordingly, the Court recommends finding that the requested costs are reasonable and awarding Plaintiffs **$1,934.28** in costs.

## CONCLUSION

Based on the foregoing, the undersigned recommends that Plaintiffs' request for attorneys' fees be granted and that Plaintiffs be awarded **$25,978.50** in attorneys' fees and **$1,934.28** in costs, for a total of **$27,912.78**, from Defendant Sutton.

Plaintiffs are directed to serve this Report and Recommendation on Defendants forthwith and file proof of service on the docket by **August 12, 2019**. Any objection to this Report must be filed in writing with the Clerk of Court within fourteen (14) days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to timely file any such objection waives the right to appeal the District Court's Order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

        **SO ORDERED:**

        *Peggy Kuo*

        PEGGY KUO
        United States Magistrate Judge

Dated: Brooklyn, New York
     August 8, 2019

---

[4] On that date, Plaintiffs were granted costs for service of subpoenas on Sutton noticing the deposition, the statutory appearance fee, and the court reporter fee. These items are included in the $1,934.28 costs requested by Plaintiffs.