UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
YOLMA HAYLETT and KENNETH
EASTMOND,

              Plaintiffs,

             v.

BRUCE SUTTON and CITY OF NEW YORK,

              Defendants.
-----------------------------------------------------------------X

**DECISION & ORDER**
15-CV-223



**HON. WILLIAM F. KUNTZ, II United States District Judge:**

Plaintiffs Yolma Haylett and Kenneth Eastmond ("Plaintiffs") brought this action against Bruce Sutton and the City of New York (the "City" and, collectively with Sutton, "Defendants"), pursuant to 42 U.S.C. §§ 1983 and 1988, for violations of their rights under the Fourth and Fourteenth Amendments of the United States Constitution, along with other claims under state law. Compl., ECF No. 1 ("Compl."). On November 20, 2018, Plaintiffs filed a motion for attorney' fees and costs. ECF No. 94 ("Motion"). On August 8, 2019, Magistrate Judge Peggy Kuo issued a report in which she recommended the Motion be granted and Plaintiffs be awarded $25,978.50 in attorneys' fees and $1,934.28 in costs, for a total of $27,912.78 from Defendant Sutton only. Report and Recommendation at 1, ECF No. 104 ("R&R"). On August 22, 2019, Plaintiffs filed an objection to the R&R. Pls.' Obj. to R&R, ECF No. 106 ("Pls.' Obj."). For the following reasons, the Court adopts the R&R in its entirety.

## BACKGROUND

The Court assumes familiarity with the factual and procedural history of this case as set forth in Magistrate Judge Kuo's report. R&R at 1–2. Briefly, following Defendant Sutton's failure to appear in this action, the Court granted Plaintiffs' motion for default judgment as to Sutton "on the issue of liability." ECF No. 42. A three-day jury trial on the issues of the City's liability and Defendants' damages was held from October 2, 2018 to October 4, 2018. Following the trial, the jury (1) rendered a unanimous verdict in favor of the City and (2) awarded Plaintiffs $3,500.00 each in punitive damages from Sutton. Verdict Sheet, ECF No. 92. On November 20, 2018, Plaintiffs filed the Motion, seeking an award of $73,123.78 in attorneys' fees and costs.

1

ECF No. 94. The Court referred the Motion to Magistrate Judge Kuo for a report and recommendation. ECF No. 100. On August 8, 2019, Magistrate Judge Kuo filed the R&R. ECF No. 104. On August 22, 2019, Plaintiffs filed their objection, arguing the reductions recommended by Magistrate Judge Kuo are inappropriate and should not be adopted by the Court. Pls.' Obj. at 1–4.

## DISCUSSION

### I. Standard of Review

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties must serve and file any written objections to the proposed findings and recommendations within fourteen days of being served with a copy of such proposed findings and recommendations. *Id.* A district judge "shall make a de novo determination of those portions of the report or specified findings of recommendations to which objection is made." *Id.* Objections to a report and recommendation must be "specific and are to address only those portions of the proposed findings to which the party objects." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (Owen, J.) (internal quotation marks and citation omitted). "Where 'the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error.'" *Norman v. Metro. Transp. Auth.*, 13-CV-1183, 2014 WL 4628848, at *1 (E.D.N.Y. Sept. 15, 2014) (Matsumoto, J.) (quoting *Zaretsky v. Maxi-Aids, Inc.*, 10-CV-3771, 2012 WL 2345181, at *1 (E.D.N.Y. June 18, 2012) (Feuerstein, J.)).

## II. Analysis

In their objection, Plaintiffs argue: (1) a reduction in the amount of attorneys' fees "unfairly penalizes plaintiffs for events outside of their control and for appropriately and responsibly pursuing *respondeat superior* liability;" (2) "[P]laintiffs should not be penalized for appropriately pursuing a determination that the City was liable for Sutton's misconduct;" and (3) the lodestar fee "should not be reduced . . . based on the jury's decision to award punitive damages and not compensatory damages." Pls.' Obj. at 1–3. The Court has conducted a *de novo* review of the R&R and concludes the objections are without merit.

Pursuant to 42 U.S.C. § 1988(b), a court may award the prevailing party in an action to enforce the provisions of 42 U.S.C. § 1983 "a reasonable attorney's fee as part of the costs." "A prevailing party must be one who had succeeded on any significant claim affording it some of the relief sought . . . ." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989). However, "[t]his is a generous formulation that brings the plaintiff only across the statutory threshold. It remains for the district court to determine what fee is 'reasonable.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). When "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. *Id.* at 436.

In this case, Plaintiffs' claims against the City were wholly unsuccessful. Further, while Plaintiffs were the prevailing parties in their claims against Sutton, the jury awarded Plaintiffs a mere $3,500.00 each in punitive damages and declined to award any compensatory damages. Based on this "limited success," the Court finds a reduction in the amount of attorneys' fees is appropriate. *Id.* (finding a reduction of hours is appropriate in cases where a plaintiff has achieved only partial or limited success "even where the plaintiff's claims are interrelated,

3

nonfrivolous, and raised in good faith" because "Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill").

The Court further finds appropriate the reductions outlined in the R&R. For the period from the date of the filing of the Complaint to January 26, 2017, the date of entry of default judgment against Sutton as to liability, the requested fees are reduced by 50% "to reflect the work done to establish Sutton's liability (as opposed to the City's liability)." R&R at 8. For the time period from January 26, 2017 to November 7, 2018, the date judgment was entered following trial, Plaintiff is awarded 30% of requested fees to "reflect[] the proportion of the trial and trial preparation attributable to establishing damages against Sutton (apart from the case against the City) and also accounts for the fact that the jury declined to award any compensatory damages against Sutton." *Id.*

## CONCLUSION

Upon a careful review of Magistrate Judge Kuo's R&R, ECF No. 104, and the objection filed thereto, ECF No. 106, the Court adopts the R&R in its entirety. Accordingly, the Motion, ECF No. 94, is granted and Plaintiffs are awarded $25,978.50 in attorneys' fees and $1,934.28 in costs, for a total of $27,912.78 from Defendant Sutton only.

**SO ORDERED**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: March 2, 2020
Brooklyn, New York

4